## MADELEY v. KELLAM et al.

(Court of Civil Appeals of Texas. March 8, 1911.)

1. PRINCIPAL AND AGENT (§ 22*)—PROOF OF AGENCY—DECLARATIONS OF AGENT—ADMISSIBILITY.

The admission of acts, declarations, or statements of an alleged agent for the purpose of proving the agency is erroneous in the absence of other evidence.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 1010*)—REVIEW—FINDINGS OF FACT — TOTAL FAILURE OF PROOF.

A finding of fact by the trial judge, wholly unsupported by competent evidence, must be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

Appeal from District Court, Blanco County; Clarence Martin, Judge.

Action by C. H. Kellam and another against Ed. Madeley. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

Ed. Haltom, for appellant. N. T. Stubbs, for appellees.

RICE, J. Appellees, C. H. Kellam and J. Vanlandingham, real estate brokers, do-

ing business under the firm name of the Texas Business Exchange, brought this suit against appellant to recover commissions claimed to be due them by him for effecting an exchange of certain properties between appellant and one J. W. Kellam. It was alleged by appellees that G. E. Madeley was the agent of appellant, and as such listed appellant's property with them for exchange, agreeing to pay 5 per cent. commission thereof for so doing, and that by virtue thereof they were instrumental in bringing about said exchange of property between appellant and said Kellam. There was a denial on the part of appellant that his son G. E. Madeley was his agent for this purpose, and that he ever authorized him to list his property for exchange, or to bind him in the payment of commissions therefor. And, while admitting that he had exchanged certain property situated in Kaufman county with J. W. Kellam for a ranch situated in Blanco county, he asserted that such exchange was made between himself and Kellam without the instrumentality of appellees, and that he owed them nothing for commissions thereon. There was a trial before the court without the intervention of a jury, resulting in a judgment in favor of appellees for the sum of $434.65, with 6 per cent. interest thereon from March 21, 1908, from which this appeal is taken.

The first three assignments of appellant question the correctness of the ruling of the trial court in permitting the witness Bass and appellees themselves to testify to certain acts, declarations, and statements made by G. E. Madeley, son of appellant, to the effect that he was the agent of his father, and, as such, listed the property with them for exchange, stating that his father would pay a commission thereon of 5 per cent. for effecting an exchange thereof for a ranch in Southwest Texas. The burden of proof to establish the agency of G. E. Madeley was upon appellees. The acts, declarations, and statements of an alleged agent are not admissible for the purpose of proving the agency, in the absence of evidence dehors his statement, showing agency. It is said in Cyc. vol. 31, pp. 1652–1655, that: "The declarations of an alleged agent are not admissible against the alleged principal to prove the fact of his agency. Neither are the declarations of an agent admissible against the principal to show the extent of his authority as such agent. The agency must be proved by other evidence before his acts and statements can be shown against the principal. At best such declarations are mere hearsay. The rule applies to oral statements of the agent and to written statements contained in letters, letter heads, receipts, or other documents implying, admitting or claiming authority in negotiations with third persons. While the declarations of an alleged agent are inad-

missible to prove agency, if the agency be otherwise prima facie proved, they become admissible in corroboration." See, also, 16 Cyc. 1005, note 31. See, also, Tabet v. Powell, 78 S. W. 997; Buzard v. Jolley (Sup.) 6 S. W. 422; Cooper & Co. v. Sawyer, 31 Tex. Civ. App. 620, 73 S. W. 992; Western Industrial Co. v. Chandler, 31 S. W. 314; Latham v. Pledger, 11 Tex. 439.

The witness Bass, as well as Vanlandingham and C. H. Kellam, were all permitted to testify, over objection of appellant, as to what G. E. Madeley said with reference to his right to represent his father as his agent, and to testify that Madeley listed his father's property with them, stating that his father would be glad to pay the commission of 5 per cent. charged by them for exchanging his property in Kaufman county for the ranch in Southwest Texas. There was no proof at the time these declarations were offered nor subsequent thereto showing, or tending to show, outside of the alleged declarations of G. E. Madeley, that he was the agent of his father, and hence we think the court erred in permitting the introduction of said testimony. Appellant assails the conclusion of the trial court on the ground that the evidence was insufficient to justify the finding that he had authorized his son G. E. Madeley, as his agent, to list said property for exchange with appellees and to bind him to pay commission for effecting such exchange. In the consideration of this assignment we have carefully reviewed the record in search of evidence to support the judgment; but, after so doing, we failed to find anything showing or tending to show that appellant ever authorized his son to list said property for sale or exchange with appellees or any one else; or any evidence showing, or tending to show, that he authorized his son to bind him in the payment of a commission for the exchange of said property. While it is true that the evidence on the part of plaintiffs does show that the son listed the property for exchange with appellees, undertaking to bind his father for the payment of commissions therefor, yet this evidence, in the absence of affirmative testimony showing that he was the agent of his father for this purpose, cannot be considered by us as a basis for such finding. It therefore follows that the conclusions based thereon are not supported by the evidence. In the case of Tabet v. Powell, supra, where such declarations of the agent were relied upon and considered by the court in the absence of prima facie evidence, outside of such declarations, establishing the agency, it was said by Justice James in delivering the opinion of the court: "After prima facie evidence of agency is introduced, the admissions and declarations of the alleged agent, within the scope of such agency, may be shown as the acts, admissions, etc., of the

principal, and the whole case submitted to the jury. See Mechem on Agency, § 106. The rule as we understand it is that in such state of prima facie proof of agency the court will allow testimony of the acts, admissions, and declarations of the alleged agent as binding upon the principal, in order that the entire case may be submitted. It does not mean that, after some proof as to agency is given, particular issues may be supplemented and reinforced by the declarations, admissions, etc., of the person acting as agent. If this were the rule, then it might and generally would happen that the agency would, after all, be established by the acts and declarations of the agent, which is never permitted. Of course, his acts and declarations would be competent upon that issue, if the principal should be connected with them so as to make them his own, and not otherwise"—citing Mills v. Berla, 23 S. W. 910, and other authorities.

While we are loth to disturb the findings of the court, still, where, as in the present case, there is absolutely no evidence, prima facie or otherwise, outside of the declarations of the agent going to show or establish the alleged agency, it becomes our duty to do so. And, as the case seems to have been fully developed, the judgment of the court below will be reversed and rendered in behalf of appellant, and it is so ordered.

Reversed and rendered.