### GUITAR v. McGEE.

(Court of Civil Appeals of Texas. Ft. Worth. June 3, 1911.)

1. PRINCIPAL AND AGENT (§ 122*)—DECLARATIONS OR ADMISSIONS OF AGENT.

Where the authority of plaintiff's superintendent to employ defendant as manager of a gin during the months of the year when the gin was not in operation was denied, an instruction that, if the jury believed that the superintendent represented himself to be plaintiff's

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

agent, and holding himself out as such, made the contract with defendant, it would be binding on plaintiff was erroneous, as authorizing a finding on mere proof of the superintendent's representations as to his own agency and authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 416–419; Dec. Dig. § 122.*]

**2. PRINCIPAL AND AGENT (§ 22*)—ACTS OF AGENT—REPRESENTATIONS.**

Declarations or admissions of one who assumes to be an agent of another are not of themselves competent to prove agency, and are only admissible to bind the principal if within the scope of the agent's authority after the agency has been proved.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

**3. FRAUDS, STATUTE OF (§ 44*)—EMPLOYMENT CONTRACT.**

During the year 1906, plaintiff's superintendent orally employed defendant at a salary of $75 per month while a gin was in operation, and $65 per month while the gin was idle. Defendant continued to manage the gin under such contract until the latter part of February, 1909. *Held*, that the contract was violative of the statute of frauds, in·so far as it covered the months the gin was not in operation during the season of 1908–1909.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 44.*]

**4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

Where defendant claimed that, after the death of plaintiff's superintendent, by whom he had been employed to operate a gin, another agent, with authority from plaintiff, approved and ratified the old contract of employment for the year 1908–1909, a charge ignoring the necessary requirement that the evidence should show that the ratification and renewal, if any, was such as to substantially amount to a new contract for that year on the terms of the old contract was objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–441, 446–454; Dec. Dig. § 194.*]

**5. PRINCIPAL AND AGENT (§ 120*)—EVIDENCE —RELEVANCY.**

On the issue of an alleged agent's authority to employ defendant, the fact that such agent had directed another to continue the work under a former contract, and had instructed him that if he would go to another place and prevent the erection of a gin there he would give him $100, was irrelevant.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 402–412; Dec. Dig. § 120.*]

**6. EVIDENCE (§ 242*)—AGENCY—DECLARATION.**

On the issue of defendant's employment as manager of a cotton gin during the off season of 1908–1909, evidence by defendant's wife that on her complaint to plaintiff's repair foreman that the house needed repairs he stated that defendant was in charge of the work and could make the repairs, as he had to be paid anyway, and that another agent of plaintiff stated in response to witness' complaint that her husband was in charge of the business and ought to go ahead and fix up the house and charge the same to plaintiff, were inadmissible.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 242.*]

**7. MASTER AND SERVANT (§ 6*) — EVIDENCE —RELEVANCY.**

On the issue of defendant's employment as plaintiff's gin manager during the off season of 1908–1909, evidence of a quarrel between plaintiff's superintendent, by whom defendant claimed he had been employed, and another employé concerning the pay he was to receive during 1908–1909 was irrelevant.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 6.*]

Appeal from Scurry County Court; C. R. Buchanan, Judge.

Action by John Guitar against J. G. McGee. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Hardwicke & Hardwicke and L. W. Sandusky, for appellant. Higgins, Hamilton &, Taylor, for appellee.

CONNER, C. J. Appellant sued appellee, alleging that he was the owner of a gin located at Ira, Tex.; that appellee acted as the authorized manager for said Ira gin during the ginning season of 1908–1909, and that as such manager, at a salary of $75 per month during the operation of the gin, collected moneys for appellant to the amount of $462.-14, for which he failed to account, and appellant therefore prayed to recover this amount.

Appellee answered by a general denial, and specially that during the year 1906 he was employed by verbal contract with E. W. Bicknell to manage said gin at a salary of $75 per month during the months the gin was in actual operation, and $65 per month during the months of the year that the gin was not in operation; that Bicknell was the agent of appellant, with authority to so employ him; that the contract was a continuous one, under which appellee had managed the gin from the date of the contract with Bicknell until the latter part of February, 1909; that as such manager he had the right to and did retain out of moneys collected by himself sufficient amounts to pay his wages, and for that purpose had in fact retained, in addition to salary for months of operation, the sum of $462.14, for which the appellant sued, this amount being due him as wages for months the gin was not operated; that E. W. Bicknell died in July, 1907, after which he had continued with the consent of appellant to work under the Bicknell contract; that in the month of July, 1907, a few days after the death of Bicknell, R. G. Anderson, acting for appellant, requested that he (appellee) "continue the business and the operation of said gin in the capacity in which he was then acting as though nothing had happened," which appellee did, continuing as theretofore to retain from the moneys collected the amount of his wages and to draw checks on appellant therefor during the months when there was no money on hand.

Appellant, by a supplemental petition, denied Bicknell's authority to make the contract alleged by appellee and pleaded the statute of frauds, in so far as the Bicknell contract might be relied upon as justifying

the retention of the moneys claimed; but the trial resulted in a verdict and judgment for appellee.

[1] There was evidence tending to show that in 1906 Bicknell made the contract set up by appellee with authority to contract for the employment of a manager of the Ira gin for the months it was in actual operation, but for no farther time, and at the instance of appellee the court gave the following special instruction, to which error is assigned: "You are instructed that the apparent authority of an agent will bind the principal without reference to whether the actual authority existed or not. If you believe from the evidence in this case that E. M. Bicknell, on or about the month of April, 1907, represented himself to be the agent of plaintiff, and holding himself out as such (if you believe he so acted and represented himself) entered into a contract with defendant, such contract would be binding on the plaintiff." This charge is plainly erroneous, in that, regardless of whether appellant had held Bicknell out as having authority or apparent authority, it authorized a finding against appellant on the mere proof that Bicknell had represented himself to be the agent of the plaintiff in the suit, with authority as such to enter into the contract alleged by appellee.

[2] The declarations or admissions of one who assumes to be the agent for another are not of themselves competent proof of such agency. When his agency is proved, then, and not before, his representations in relation to acts within the scope of his authority may be admitted and will also be binding. "But," says our Supreme Court, in the case of Latham v. Pledger, 11 Tex. 439, 440, "the agency must first be proven, as derived from express delegation, or by facts admissible or sufficient for that purpose, before the declarations of the agent respecting the subject can affect the principal." See, also, Mills v. Berla, 23 S. W. 910; Cooper v. Sawyer, 31 Tex. Civ. App. 620, 73 S. W. 993; Mechem on Agency, § 100. The authority last cited holds that an agent's authority can no more be enlarged by his own acts and declarations alone, than can the fact of agency be so established, and the charge was especially harmful in the case before us, for that, while there was evidence to the effect that Bicknell was the foreman of appellant's oil mill at Colorado, Tex., in 1906–1907, his authority to make the contract relied upon by appellee was specially and specifically denied by both the pleading and the evidence. The charge, moreover, was misleading in another respect.

[3, 4] It seems quite clear that appellee would not be entitled to recover by virtue of the contract with Bicknell alone, for, as appellee himself alleges and as was shown by the proof, this contract was verbal and obnoxious to the statute of frauds, in so far as reliance upon that contract is placed for the months the gin was not in operation during the ginning season of 1908–1909; the wages for which were alone involved in controversy. To meet this evident situation, appellee alleged and sought to prove that after Bicknell's death in July, 1907, which terminated his agency, Anderson was appellant's agent with authority, and that for the ginning season of 1908–1909 he approved and ratified the Bicknell contract. To be effective, the evidence should show that the ratification or renewal, if any, was such as to substantially amount to a new contract on appellant's behalf for the ginning year of 1908–1909, upon the terms of the contract with Bicknell. Otherwise appellee would not be entitled to recover. The special charge quoted evidently ignores this issue in the case, and therefore was upon the weight of the evidence.

[5] The court, over appellant's objection, permitted Will Haley to testify, in substance, that in April, 1907, Bicknell employed him to work at the Ira gin, agreeing to give him $70 per month for one year, and that later one Johnson came out to the gin and refused to permit him to draw salary of over $60 per month, whereupon he went to John R. Sims, and later to R. G. Anderson, and told Anderson that he had been employed by Bicknell for $70 per month, and that he (Haley) and his father intended to erect a gin at Ira, whereupon Mr. Anderson instructed him to continue work under the Bicknell contract, and further stated "that if I (Haley) would go over to Dunn and kill the gin at that place he would give me $100 additional." We think this evidence objectionable as complained of in appellant's sixth, seventh, and eighth assignments of error. The contract with Haley, if any, was wholly independent of that relied upon with appellee, and had no apparent relevancy; there was no authority shown for Sims, Johnson, or Anderson to make the declarations; and it was certainly prejudicial to put before the jury Anderson's effort, if any, "to kill the gin" at Dunn.

[6] In the tenth, eleventh, and twelfth assignments of error, complaint is made of the testimony of Mrs. Carrie McGee, appellee's wife, which was permitted, over appellant's objection, and which is to the effect that she and her husband, during the "off season" of 1908, lived at the ginhouse in Ira, and that Mr. Johnson, the "repair foreman," while there and in answer to her complaint that the house needed certain repairs, stated that as McGee was in charge of the work he (McGee) ought to have the house fixed; that during the same season E. T. Bicknell was at the ginhouse, and in answer to her complaint for want of repairs Bicknell replied that McGee could fix the screens, as he was working on a salary, and they had him to pay anyway; that during the "off season of 1908" Mr. Lowder was at the gin, and that he told her in answer to her complaint that,

as Mr. McGee was in charge of the business at Ira, he ought to go ahead and fix up the house and charge the same to the company. Presumably these conversations were offered to sustain appellee's contention that he was in appellant's employ during the months when the gin was not in operation, as well as when it was; but, if it be assumed that Johnson, Bicknell, and Lowder were agents or employés of appellant in some capacity, there is nothing in the evidence to indicate that as such they had any authority to make these declarations against appellant's interests, and the testimony therefore was as to appellant purely hearsay and inadmissible.

[7] The further testimony of Mrs. McGee complained of in the twelfth assignment, relating to a quarrel between Mr. Haley and Mr. Bicknell about the amount that Bicknell had promised to pay Haley during the season of 1907–1908, was wholly irrelevant and likewise inadmissible.

In the thirteenth and fourteenth assignments, complaint is made because the court permitted, over appellant's objection, the introduction of copies of certain letters, on the ground that the copies were not the best evidence, and that notice to produce the originals had not been given. The objections seem to have been well taken, but in view of another trial we need not discuss the question.

For the errors indicated, it is ordered that the judgment be reversed, and the cause remanded for a new trial.