WATTS et al. v. TEXAS EMPLOYERS' INS. ASS'N. (No. 10590.)

(Court of Civil Appeals of Texas. Fort Worth. April 19, 1924. Rehearing Denied June 14, 1924.)

1. Master and servant ⚖=418(5)—Finding by trial court adverse to compensation claimant implied on his appeal from judgment.

On appeal from judgment setting aside an award of compensation for an injury to a workman, in absence of a finding by jury that failure of workman to notify insurer of injury as required by Vernon's Ann. Civ. St. Supp. 1918, art. 5246—43, was excusable, a finding by the trial court adverse to claimant on such issue will be implied on appeal from a judgment for the insurer.

2. Master and servant ⚖=417(5)—Finding by Industrial Accident Board not binding on court on appeal for trial de novo.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—43, requiring notice to be given an insurer within 30 days to maintain a proceeding under the Workmen's Compensation Act, and article 5246—44, giving an appeal from a final decision of the Industrial Accident Board to be tried de novo where an appeal was taken, the court was not bound by a finding of the Board that the claimant showed good cause for not giving notice, that being an issue for the trial court, since a "trial de novo" necessarily includes a trial of all the issues.

3. Master and servant ⚖=418(5)—Permitting witness violating rule to testify in compensation case held not reversible error.

On appeal from an award of the Industrial Accident Board under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), permitting claimant's witness, who remained in the room during the trial after a rule had been granted, to testify, was not reversible error, in view of the fact that his testimony was substantially the same as that of the claimant.

4. Master and servant ⚖=420—Joint judgment for costs against compensation claimant and attorney not error.

On appeal from an award of the Industrial Accident Board, where an attorney filed a pleading claiming a fee in addition to compensation for the claimant under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) and praying for a judgment thereon, rendering judgment against him jointly with the claimant for costs was not error.

5. Trial ⚖=352(5)—Issue as to notice of injury to compensation claimant's hip and back not ambiguous.

On appeal from an award of the Industrial Accident Board, an issue as to whether the compensation claimant notified his employer that he had sustained an injury to his hip and back was not ambiguous, though injury to his hip and back was not submitted separately.

6. Appeal and error ⚖=230—Objection to issue, not made before submission to jury cannot be urged on appeal.

Failure to make objection that an issue was ambiguous before submission to the jury prevents its being urged on appeal.

7. New trial ⚖=99—Overruling motion for new trial on ground of newly discovered evidence held not reversible error.

Overruling a motion for a new trial on the ground of newly discovered evidence, which merely stated conclusions as to what witness would testify to, and which was not accompanied by an affidavit of the absent witness showing that he would testify as alleged, or an excuse for not presenting such affidavit, in view of the facts that the alleged testimony would be cumulative, and that no motion to continue the trial after such evidence became necessary was made, was not reversible error.

---

**8. New trial ⬤⟿143(4)—Refusal of new trial on testimony of jurors that they misunderstood an instruction not error.**

Refusal to grant a new trial on testimony of jurors that, had an issue as to notice to an employer of an injury referred to an injury to hip or back rather than to hip and back, their finding would have been different, was not error; this being an attempt to impeach their verdict on the ground that they did not understand the instruction.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Proceeding under the Workmen's Compensation Act by W. T. Watts, claimant, and his attorney, opposed by the Texas Pipe Line Company, employer, and the Texas Employers' Insurance Association, insurer. The Industrial Accident Board awarded compensation and attorney's fees, and insurer sued to set aside award. From judgment for insurer, claimant and his attorney appeal. Affirmed.

Stine & Stine and R. Loftin, all of Henrietta, for appellants.

Lawther, Pope & Leachman, of Dallas, for appellee.

DUNKLIN, J. W. T. Watts, a builder by trade of steel oil tanks, was employed by the Texas Pipe Line Company to assist in the construction of one of its oil tanks. According to allegations in his pleading, while he was tightening a rivet with a wrench, sitting on one foot which was doubled under him, and owing to a defect in the rivet and nut, the wrench slipped, and as a consequence he fell over and injured his hip and lower part of his spinal column and the tendons and muscles of his back and left leg and knee. According to further allegations, after such injury, he continued to work at lighter work for several days, at the expiration of which period he was compelled to go to bed. According to further allegations he suffered great pain from his injury, which ultimately proved to be of such a serious nature as to permanently incapacitate him to perform manual labor.

The Texas Pipe Line Company was a subscriber to the provisions of the Workmen's Compensation Act, as embodied in chapter 5, tit. 77, of Vernon's Texas Civil Statutes, 1918 Supp. (articles 5246—1 to 5246—91), and procured insurance from the Texas Employers' Insurance Association against injuries occuring to its employees while engaged in its service.

Within the time prescribed by the act, W. T. Watts filed with the state Industrial Accident Board, as provided by that act, his claim for full compensation for the period of 400 weeks at the rate of $15 per week, upon allegations that he was totally and permanently incapacitated by reason of his injury to perform any further labor. R. Loftin also claimed attorney's fee, as provided by statute, for representing Watts.

On January 13, 1922, the Industrial Accident Board awarded Watts compensation for his injury and Loftin attorney's fees for representing him, to be paid by the Texas Employers' Insurance Association, the insurer. Thereafter, on January 20, 1922, the insurance association notified the Industrial Accident Board and Watts and Loftin, his attorney, that it would not abide by the decision of the Accident Board. Pursuant to that notice the insurer filed this suit in the district court of Clay county, in which county the alleged accident occurred, praying for a decree of the court setting aside and holding for naught the decision of the Industrial Accident Board. It was alleged in that petition that Watts was claiming compensation on account of his alleged injury at the rate of $15 per week, payable weekly for a period not longer than 400 weeks, and that his attorney, Loftin, was claiming from the plaintiff an additional sum equal to 15 per cent. of the first $1,000 to be paid to Watts, plus a sum equal to 10 per cent. on all sums paid to Watts in excess of $1,000.

In reply to the petition, the defendants Watts and Loftin filed an answer alleging all the facts necessary under the Workmen's Compensation Act to entitle Watts to compensation for a period of 400 weeks at the rate of $15 per week and entitle Loftin, his attorney, to recover attorney's fee in addition, at the rate and in the amount which plaintiff alleged was claimed.

The case was tried before a jury, who, in answer to special issues, found that Watts sustained personal injury in the course of his employment by the Texas Pipe Line Company, which resulted in his total incapacity to work for a period of 12 weeks and in a partial incapacity to work for a period of 40 weeks. The jury further found that $7 was the average daily wage earned by an employee of the same class as W. T. Watts, while working substantially the whole year immediately preceding the injury in the same or similar employment and in the same or neighboring place, and that $6 was the average weekly wage earned by such a person during the period of time when Watts was partially incapacitated to work, which partial incapacity was 60 per cent. of his total capacity. There was a further finding that the accident so suffered by Watts was the proximate cause of both his total and partial incapacity to perform labor.

But the jury also found that Watts did not notify the Texas Pipe Line Company within 30 days after December 22, 1921 (which was the date Watts alleged he was injured), that he had sustained a personal in-

jury to his hip and back while working in the course of his employment.

Upon the verdict so returned, the court entered a judgment setting aside the prior award of compensation to Watts by the Industrial Accident Board, and adjudged and decreed that the defendants Watts and Loftin take nothing against the Texas Employers' Insurance Association. From that judgment the defendants have appealed.

Appellants have challenged the finding of the jury and judgment of the court based thereon, to the effect that Watts did not notify the insurer of his injury within the period of 30 days after it occurred, on the ground that there was no evidence to support that finding, and on the further ground that the evidence showed that his failure to give such notice was excusable by reason of his physical suffering which confined him to his bed, and that the Texas Pipe Line Company in fact knew of his injury and physical condition resulting therefrom and after the day he was injured.

There was abundant testimony to support the finding of the failure of Watts to give such notice within the period stated; in fact, the testimony introduced by the insurer would have supported a finding that Watts was not injured at all as a result of the alleged accident, but that the suffering and incapacity to labor of which he complained, was the result of rheumatism previously contracted.

[1, 2] It will be noted that the issue whether or not the failure of Watts to give such notice to the insurer was excusable was not submitted to the jury, nor requested by either party. In the absence of such finding by the jury, we must imply a finding by the trial judge adverse to appellants upon that issue, and we are unable to say that that finding is without support in the evidence, since there was testimony tending to show that after the alleged accident Watts continued to work, and that he made no claim that his suffering was due to the accident until after the expiration of the 30-day period, and in view of specific testimony that no such notice was given. It is further insisted that the award made by the Industrial Accident Board implied a finding by that Board that Watts showed good cause for not giving the notice within the 30 days and that such finding by the Board was conclusive and binding upon the trial court.

Appellants invoke the provisions of article 5246—43 of Vernon's Texas Civil Statutes, vol. 2, 1918 Supplement, which reads as follows:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty (30) days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same; or, in case of death of the employé or in the event of his physical or mental incapacity within six (6) months after the death or the removal of such physical or mental incapacity. Provided that for good cause the Board may, in meritorious cases waive the strict compliance with the foregoing limitations as to notice and the filing the claim before the board."

But the next succeeding article of the Statutes (5246—44) gives any interested party who does not consent to abide by the final decision of the Board the right to appeal to a court of competent jurisdiction, as was done in the present case, for a determination of the issues involved. That article further specifically provides that if such suit is brought the right and liability of the parties thereto shall be "determined by the provisions of this act," and that the court shall "determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

Since such a trial is de novo, it would be unreasonable and illogical to conclude that any ruling of the board of arbitration is binding upon the court trying the same issues. A trial de novo necessarily includes a trial of all the issues, just as is true of a trial by the county court of a case that has been appealed from the justice court; and whether or not good cause was shown why Watts should be excused for a failure to give to his employer notice of his injury within the 30-day period was an issue to be determined by the trial court, and the determination of that issue by the Board was no more binding upon the court than a determination by the Board of the further issue that Watts had a meritorious case. Lumberman's Reciprocal Ass'n v. Behnken (Tex. Civ. App.) 226 S. W. 154; U. S. Fidelity & Guaranty Co. v. Davis (Tex. Civ. App.) 212 S. W. 239; Georgia Casualty Co. v. Griesenbeck (Tex. Civ. App.) 210 S. W. 273; Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112.

Appellants cite the following decisions to support their contention: Consolidated Underwriters v. Seale (Tex. Civ. App.) 237 S. W. 642; Home Life & Accident Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705; Millers' Indemnity Underwriters v. Patten (Tex. Civ. App.) 238 S. W. 240.

In the first case cited it was held that whether good cause existed which excused the employee for not giving notice within the 30-day period was for the jury, whose finding in that case was in favor of the employee. The court, after reviewing the facts, remarked that those facts had been reviewed by the Board who had found that the same constituted good cause, and that the same

issue had been found by the jury in favor of the employee, but the court further found that "after carefully reviewing the facts, we are unwilling to say that the issue of good cause was not raised." Those observations clearly indicate that the court did not consider the finding of the Board binding upon it.

In the second case cited, it appeared that Orchard, the employee, at the time of his injury, was employed by H. B. Willis, who was operating a business both in Louisiana and Texas, and that he carried accident insurance with the Georgia Casualty Company which covered his business in Louisiana, and with the Home Life & Accident Company that covered his operations in Texas. Immediately after his injury, the agent of the employee through mistake, notified the Georgia Casualty Company, under the impression that that company insured against accidents in Texas, and notice was not given to the Home Life & Accident Company until after the expiration of the statutory period of 30 days. In that case the trial court referred to the fact that the Industrial Accident Board had held Orchard excusable for not complying with that statutory requirement, but the Court of Appeals held that the circumstances developed upon the trial of the cause in that court was sufficient to excuse the delay in filing the claim. The Court of Appeals, after referring to the trial judge's finding, made this observation:

"It seems to us that this conclusion by the court is sufficient to sustain the judgment. But if we are in error in our construction of appellant's assignment of error, it does not appear that the Industrial Accident Board, in waiving the limitations as to notice and filing of the claim, has abused the discretion vested in it by law."

In the third case cited, a similar observation was made, but the court further found that the evidence showed that the employer was notified of the accident to the employee immediately after it occurred, that the employer thereupon immediately notified the insurer, and that the surviving wife of the employee who was killed in the accident, and who made the claim for compensation, also notified the insurer of the accident and death of her husband within about two weeks after it occurred, and that within about a month a representative of the insurer visited her and attempted to settle the claim.

It thus appears that the announcements made in those decisions, which are stressed here, were not necessary to a determination of the issue of notice involved, and we do not think that the same should be given effect to sustain the contention of appellants now under discussion.

[3] Since the testimony of the witness L. E. Murrell for the plaintiff was substantially to the same effect as that of the defend-ant Watts himself, there was no reversible error in permitting him to testify, although he had remained in the courtroom during the trial, after the rule had been invoked and granted by the court. G., H. & S. A. Ry. v. Pingenot (Tex. Civ. App.) 142 S. W. 93; Armstrong Packing Co. v. Clem (Tex. Civ. App.) 151 S. W. 576; Cooper & Co. v. Sawyer, 31 Tex. Civ. App. 620, 73 S. W. 992.

[4] Since the defendant R. Loftin was claiming an attorney's fee as compensation to be allowed him in addition to full compensation allowable to Watts, under the act, and since he filed a pleading asserting that claim and praying for a judgment thereon, we overrule his contention that the court erred in rendering a judgment against him jointly with Watts for costs of the suit.

We think the case is clearly distinguishable from such decisions as Ft. W. & Denver City Ry. v. Carlock, 33 Tex. Civ. App. 202, 75 S. W. 931; G. C. & S. F. Ry. v. Knott, 14 Tex. Civ. App. 158, 36 S. W. 491, in that in those cases the attorneys had a contract for a contingent interest in the recovery by the clients they represented. In other words, the judgment to be recovered in those cases were solely in favor of the clients who contracted to pay the attorney's fee out of such recovery, while in the present suit the attorney's fee sued for was additional to and not a part of the compensation to be allowed Watts.

[5] We perceive no ambiguity in the issue as submitted by the court upon the question of whether or not Watts gave notice to his employer of his injury within the statutory period of 30 days after his injury. That issue reads as follows:

"Did W. T. Watts, the claimant herein, notify the Texas Pipe Line Company within 30 days after December 22, 1921, that he had sustained a personal injury to his hip and back while working in the course of his employment?"

[6] The specific complaint made of this issue is that injury to his hip and back was submitted jointly and not separately. The proof offered by defendants to show notice made no distinction between the injury to his hip and back. Furthermore, no objection was urged in the trial court by appellants to the submission of the issue in that form; and it is too well settled to require citation of authorities that the failure to urge the objection now under consideration before the issue was submitted to the jury was a waiver of the right to urge it here for the first time.

[7] One of the grounds for a new trial filed by appellants was that they desired the testimony of Jim McDaniel, who would testify that he heard defendant Watts notify Patty Conally, who was the foreman in charge of the work for the Texas Pipe Line Company, of his injury, and that such notice was given within the 30-day period required by the

statute. In the motion it was further alleged that Watts had no reason to expect Patty Conally to deny that such notice was given until he appeared at the trial and testified to the want of such notice. The motion further alleged that defendant Watts had, by letter addressed to Conally, endeavored to locate him before the trial in order to interview him upon that point, but that he received no response to such inquiry. It was further alleged that McDaniel left the country before Watts was able to be up from his injury; that defendants made inquiry to locate him, in order to secure his testimony either on the witness stand- or by deposition, before the trial of the case, but was unable to locate him until after the trial was concluded, when he learned that McDaniel is now residing at Ranger. It was further alleged in the motion that the testimony of McDaniel can and will be procured at another trial, if a new trial should be granted.

It does not appear in the motion that Watts has seen or talked to McDaniel since the trial; on the contrary it is reasonably inferable that he has not done so. At all events, his statement that, if McDaniel had been present upon the trial "he would have and now would testify that defendant Watts told said Patty Conally on the day that he was hurt that day while at work on said tank," that he had been hurt, is but a conclusion and opinion that McDaniel would so testify. It was also alleged in the motion, that many inquiries to locate McDaniel before the trial had been made but without success, yet it is not shown whether or not those inquiries were made of persons who would likely be able to give the desired information. Furthermore, no affidavit of McDaniel is attached to the motion to show that he would testify as alleged and no excuse is given for the defendants' failure to procure such affidavit, notwithstanding the fact that it appears from the motion that McDaniel is now residing at Ranger, which is at no great distance from the place where the trial took place. Nor did defendants make any motion to withdraw their announcement and continue the trial after Conally had denied on the witness stand receiving such notice from Watts. Further still, the alleged testimony of McDaniel would be only cumulative of other testimony offered by defendant to show notice given within the 30-day period.

Under all those circumstances, we are unable to say that reversible error was committed in overruling the motion for new trial, on the ground of newly discovered evidence.

[8] Nor was there error in the court's action in refusing to grant a new trial upon testimony of some of the jurors introduced by the appellants upon the hearing of the motion for new trial, to the effect that they misunderstood the special issue on the question of notice to the Texas Pipe Line Company, and that, had that issue referred to injury to hip or back rather than hip and back, their finding on that issue would have been different.

This attack upon the verdict was not on the ground of misconduct by the jury but was merely an effort to impeach their verdict, on the ground that they did not understand an instruction given by the court. To sustain such an attack on the verdict would be contrary to an unbroken line of authorities in this state. Houston Electric Co. v. Robinson (Tex. Civ. App.) 76 S. W. 209; Hermann v. Schroeder (Tex. Civ. App.) 175 S. W. 788; St. Louis S. W. Ry. v. Gentry (Tex. Civ. App.) 98 S. W. 226; Farrand v. H. & T. C. Ry. Co. (Tex. Civ. App.) 205 S. W. 845.

All assignments of error are overruled, and the judgment is affirmed.