**TEXAS EMPLOYERS' INS. ASS'N v. DAVIDSON et al.  (No. 11608.)**

(Court of Civil Appeals of Texas. Fort Worth. Jan. 22, 1927.)

Costs ☞276—Where plaintiff's attorneys were parties seeking recovery, mandate on reversal should not issue without payment of costs or showing inability to pay (Rev. St. 1925, arts. 1865, 1866).

On appeal in workmen's compensation proceedings, where plaintiff's attorneys were parties to suit, and were entitled to one-third of recovery under contract pleaded in petition, mandate on reversal should not issue without payment of costs, in absence of affidavit of attorneys' inability to pay any part thereof, in view of Rev. St. 1925, arts. 1865, 1866.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by T. L. Davidson and others against the Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board, and recover compensation under provisions of the Workmen's Compensation Act. Judgment for plaintiffs was reversed and remanded (288 S. W. 471). An order was entered vacating a former order requiring issuance of mandate without payment of costs. On motion for rehearing. Motion for rehearing overruled.

BUCK, J. On June 19, 1926, we reversed the judgment below in this cause, and remanded the cause to the trial court. On October 16, 1926, appellees' motion for rehearing was overruled. On December 4, 1926, appellee's motion to require issuance of mandate without payment of costs came on to be heard, and, as there was no contest over the motion, and no reply thereto, we granted the motion. Appellant then filed a motion for rehearing, and urged, inasmuch as the judgment below was in part payable to appellee's attorneys, and in his petition appellee had pleaded the contract with his attorneys for one-third of the recovery, and the supersedeas bond was made payable to the appellee and to his attorneys, and there was no affidavit that the attorneys were insolvent, and were not able to pay any part of the costs, that we erred in granting appellee's motion to require the

issuance of the mandate without payment of the costs. We sustained appellant's motion, vacated the former order, and declined to grant the issuance of the mandate without the payment of the costs. Thereupon appellee filed this motion for a rehearing.

In our holding that we were not authorized to require the clerk to issue the mandate in the absence of affidavits by the lawyers, parties to the record, as above shown, we relied in part on the holding in Watts v. Texas Employers' Insurance Association, 264 S. W. 189, in which this court, through Justice Dunklin, said:

"Since the defendant R. Loftin was claiming an attorney's fee as compensation to be * * * allowable to Watts, under the act, and since he filed a pleading asserting that claim and praying for a judgment thereon, we overrule his contention that the court erred in rendering a judgment against him jointly with Watts for costs of the suit.

"We think the case is clearly distinguishable from such decisions as Ft. W. & Denver City Ry. v. Carlock, 33 Tex. Civ. App. 202, 75 S. W. 931; G., C. & S. F. Ry. v. Knott, 14 Tex. Civ. App. 158, 36 S. W. 491, in that in those cases the attorneys had a contract for a contingent interest in the recovery by the clients they represented. In other words, the judgment to be recovered in those cases were solely in favor of the clients who contracted to pay the attorney's fee out of such recovery, while in the present suit the attorney's fee sued for was additional to and not a part of the compensation to be allowed Watts."

. In the Watts Case, supra, Watts, the employee, recovered before the Industrial Accident Board, and the Texas Employers' Association filed a suit in the district court to set aside the award, making Watts and B. Loftin, his attorney, parties defendant. Loftin had evidently been allowed an attorney's fee by the Industrial Accident Board for prosecuting the claim. See section 7c, part I, under art. 8306, Rev. Civ. Statutes. When sued to set aside the award, defendants Watts and his attorney pleaded their cause of action against the association, and further pleaded that Watts had contracted to pay his attorney a fee of one-third of the recovery obtained. Section 7d of our Statutes. So it will be seen that the facts show a condition as to the attorney's fee similar to that of the instant case. Perhaps the use of the words "in addition to full compensation" and "additional to" were used in the Watts Case inadvertently. The attorney was claiming in that case, as in this, that he was entitled to one-third of the recovery. Being parties to the record, we think that the attorneys in this case were liable for the costs of court, under article 1865, and, in the absence of an affidavit of inability to pay such costs, under the provision of article 1866, the court should refuse to require the mandate to be issued without payment of costs.

Appellees cite several cases, urging that they are in point. In Winston v. Masterson et al., 87 Tex. 200, 27 S. W. 768, in which the Supreme Court held that a judge was not disqualified to try a cause of action where his brother had a contingent interest in the result, the court specifically stated in the opinion that the attorney did not appear as a party to the suit, but that the facts showed that he had a mere contingent interest in the result. The Constitution, art. 5, § 11, says:

"No judge shall sit in any case wherein he may be interested, or where either of the *parties* [italics ours] may be connected with him either by affinity or consanguinity, within such a degree as may be prescribed by law."

In this opinion, written by Chief Justice Stayton, and adopted by the court during his last illness, it was said the words "party or parties" have a technical meaning, and include those, and those only, who are either parties plaintiff or parties defendant. In Oriental Inv. Co. v. Barclay, 16 Tex. Civ. App. 193, 41 S. W. 117, by the Dallas Court of Civil Appeals, it did not appear that the attorneys were parties to the record. To the same effect is C., R. I. & G. Ry. Co. v. Cosio, 182 S. W. 83, by the Amarillo Court of Civil Appeals.

In the reversal of the judgment, we adjudged all costs of appeal against the defendants T. L. Davidson and his attorneys. The attorneys would be personally benefited by the issuance of the mandate without the payment of costs.

The motion for rehearing is overruled.