## E. R. BLAIR v. VILLAGE OF COLERAINE AND ANOTHER.[1]

May 23, 1930.

No. 27,768.

*R. A. McOuat,* pro se.

There was no brief filed and no appearance on behalf of respondent in this court.

TAYLOR, C.

A brief recital of the facts which resulted in the present claim seems proper. E. R. Blair, the employe, suffered a cerebral hemorrhage which caused partial paralysis. He made an application to the industrial commission for compensation under the workmen's compensation law. His application was denied by the referee on the ground that the injury did not arise out of and in the course of his employment. He appealed to the commission, which affirmed the decision of the referee. He brought the case to this court, which reversed the order of the commission. Blair v. Village of Coleraine, 177 Minn. 376, 225 N. W. 284. Thereafter, pursuant to

[1]Reported in 231 N. W. 193.

the judgment of this court, he was awarded compensation at the rate of $20 per week during the continuance of the disability, not exceeding in the aggregate the sum of $10,000. The proceedings were conducted throughout by an attorney with whom he had made a written contract in which he agreed to pay the attorney for his services 20 per cent of the compensation awarded to him.

After the making of the award the attorney made an application to the commission to have the fees for his services fixed and allowed at the sum of $2,000, which would be 20 per cent of the aggregate amount which Blair would receive if he should live through the entire period during which compensation was payable. The commission noted that he had been allowed $75 by this court for services in this court, that he had received and retained $25 statutory costs, that he had been allowed $150 by the commission for services in connection with the appeal from the referee to the commission, making the sum of $250, which had been paid by the employer; and they allowed him the additional sum of $250 to be paid out of the award. Claiming that the allowance was inadequate, he brought the matter to this court by certiorari.

G. S. 1923 (1 Mason, 1927) § 4287, provides:

"Claims for compensation owned by an injured employe or his dependents, shall not be assignable and shall be exempt from seizure or sale for the payment of any debt or liability except as otherwise provided herein."

G. S. 1923 (1 Mason, 1927) § 4267, so far as here material reads:

"No claim for legal services or disbursements pertaining to any demand made or suit or proceeding brought under the provisions of this act shall be an enforceable lien against the amount paid as compensation, or be valid or binding in any other respect, unless the same be approved in writing * * * by the Industrial Commission."

These provisions of the compensation law render the contract between Blair and his attorney of no force or effect. Sarja v. Pittsburgh Steel Co. 154 Minn. 217, 191 N. W. 742, 743. As noted by the

commission, certain allowances for attorney's fees authorized by G. S. 1923, § 4324, as amended, 1 Mason, 1927, id. have been made and paid. By virtue of the statutes above quoted, the relator's present claim cannot become a lien upon the ward nor be collected out of it except in the amount approved by the commission. In the case above cited [154 Minn. 220] we took occasion to quote from State ex rel. L. & L. Ind. Co. v. District Court, 139 Minn. 409, 412, 166 N. W. 772, the following:

"We wish to call attention to the fact that the proceedings under this law are informal and summary and are intended to be inexpensive, and that only extraordinary circumstances will justify the court in allowing a lien for any considerable proportion of the compensation awarded the dependent."

The statute commits to the commission the duty to determine the amount that may be allowed as fees to the attorney out of the compensation awarded to the employe; and, while cases may arise in which this court would be justified in interfering with the determination made by the commission, we find no sufficient ground for doing so in this case.

Order affirmed and writ discharged.

WILSON, C. J. (dissenting).

Counsel worked well on a contingent fee. He got results. His client was satisfied with the contract as made. The commission is given statutory authority to fix such fees. Perhaps in this case it might well have approved the contract payable proportionately. If not, an allowance of at least $1,200 should have been awarded. It seems that the fact that he was working on a contingent fee was not duly appreciated. In my judgment the commission abused its discretion, and the attorney has been deprived of his just compensation.