## FIDELITY UNION CASUALTY CO. v. DAPPERMAN.

### No. 3729.

Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1932.

Rehearing Denied Nov. 9, 1932.

See, also, 47 S.W.(2d) 408.

Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

Works & Bassett, of Amarillo, for appellee.

MARTIN, J.

Appellee heretofore made a motion in this court to require the issuance of a mandate without payment of costs. This motion was overruled without written opinion, on the authority of Texas Employers' Insurance Association v. Davidson (Tex. Civ. App.) 290 S. W. 871, and some older authorities of like character.

Since we have concluded that we were in error, we deem it necessary to here reproduce sufficient of the record to illustrate the basis of our viewpoint as to the law.

L. L. Dapperman, acting by and through his mother, Priscilla Koester, and her husband, H. C. Koester, as his next friends, filed suit against appellant, naming himself as plaintiff therein. His petition contains the following paragraph: "That it became necessary for plaintiff to employ attorneys to represent his said claim before said Board and before the courts on appeal, he having employed before he so became insane Works & Bassett, a law firm composed of F. P. Works and Jas. W. Bassett, and assigned to them an undivided one-third of all compensation received in this suit in full payment of their attorneys' fees."

On the trial he introduced a written contract with his said attorneys which, for the purpose of this opinion, we will assume supported the allegations just quoted.

The judgment rendered contains, in part, the following recitals: "It further appearing to the Court that said plaintiff L. L. Dapperman, is a non compos mentis, and that his interests in the claim and cause of action involved herein have been and are now being represented by F. P. Works and Jas. W. Bassett * * * * and that their services have been and are necessary herein and that reasonable compensation therefor is one-third of the recovery herein awarded and that said one-third of the recovery herein should be adjudged to said F. P. Works and Jas. W. Bassett; it is further ordered and decreed by the Court that one-third of the amount recovered herein by the plaintiff L. L. Dapperman, to-wit: the sum of $1609.46, be and the same is hereby adjudged to said F. P. Works and Jas. W. Bassett, with full authority in said F. P. Works and Jas. W. Bassett to receipt for and discharge said recovery herein * * * and the said defendant Fidelity Union Casualty Company is hereby directed to make payment of said amount direct to said attorneys."

An affidavit of inability to pay costs was filed in behalf of Dapperman alone. Appellant contends that, since Works & Bassett were parties to the suit and to the judgment, we are not authorized to issue mandate, in the absence of an affidavit of inability to pay costs, which includes the said attorneys.

A careful consideration of the terms of the Workmen's Compensation Law of Texas (Rev. St. 1925, art. 8306 et seq., as amended) has convinced us that we erred in our construction of the judgment herein, and that, if the case last cited justified our action, the eminent judge who wrote the opinion therein failed to take note of the matters to which we now call attention.

We quote here from the statute:

"All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation, and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void. * * *

"All fees of attorneys for representing claimants before the board under the provisions of this law shall be subject to the approval of the board. * * * After the approval, as first above provided for, if the association be notified in writing of such claim or agreement for legal services, the same shall be a lien against any amount thereafter to be paid as compensation; provided, that where the employee's compensation is payable by the association in periodical installments the Board shall fix at the time of approval the proportion of each installment to be paid on account of said legal services.

"For representing the interest of any claimant in any manner carried from the board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed one third of the amount recovered, such fee for services so rendered to be fixed

and allowed by the trial court in which such matter may be heard and determined." Article 8306, §§ 3, 7c, 7d.

██ The portion of said act last quoted has clearly lodged in the district court the discretion to fix a fee, limiting the right, however, to an amount not exceeding one-third of the recovery. Such a provision has been held constitutional. Yeiser v. Dysart, 267 U. S. 540, 45 S. Ct. 399, 69 L. Ed. 775; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Gritta's Case, 241 Mass. 525, 135 N. E. 874; Sarja v. Pittsburgh Steel Co., 154 Minn. 217, 191 N. W. 742.

The distinction is here noted under this statute between the right to contract for the services of an attorney and the right to fix a fee or assign to such an attorney an interest in the cause of action. The former may be legally done, but not the latter. Stated otherwise, an employee may select and contract for the services of an attorney, but any provision inserted for a particular fee does not have the binding force of an ordinary contract because such right is impliedly denied him by the provision which lodges in the district court the right to fix the fee which is itself, however, limited as to the amount. The quoted allegations from the petition alleged an invalid contract both as to the amount of the fee and as to the assignment of an undivided one-third of all compensation received, but a valid one as to the employment of attorneys. Blair v. Village of Coleraine, 180 Minn. 388, 231 N. W. 193, 69 A. L. R. 1315, and article of the Texas statute quoted above. Giving effect to the valid portions of the contract pleaded and proven, and excluding those which are clearly invalid under the statute, we have here, we think, a record which shows only a request, finally incorporated in the judgment, to the district court to fix the fee at one-third of the recovery. This does no violence to the statute in question, which it will be presumed the parties and the court intended to follow.

It has been ofttimes held that attorneys who had been granted a portion of the award by the Industrial Accident Board were neither necessary nor proper parties in a suit to set aside such award. Texas Employers' Insurance Association v. Mints (Tex. Civ. App.) 10 S.W.(2d) 220; Texas Employers' Insurance Association v. Glass (Tex. Civ. App.) 2 S.W.(2d) 902; Texas Employers' Insurance Association v. Fitzgerald (Tex. Civ. App.) 292 S. W. 925, 929. In the case of Soloranzo et al. v. Texas Employers' Insurance Association (Tex. Civ. App.) 264 S. W. 121, it was held that an attorney who had been made a party to suit to set aside an award made by the Industrial Accident Board was not liable for costs. For other cases which in their result and reasoning support our conclusion

here, see Moore et al. v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 241 S. W. 1105; Id. (Tex. Com. App.) 262 S. W. 472; Texas Employers' Insurance Association v. Shilling (Tex. Com. App.) 289 S. W. 996.

██ Construing the record in this case with the quoted provisions of the statute in mind, we are of the opinion that it differentiates itself from cases arising under ordinary contracts of employment of attorneys where a present interest in a cause of action is assigned. One of the purposes of the Workmen's Compensation Act undoubtedly was to protect the helpless and unwary from unconscionable contracts. Certain rights and benefits were there given to workmen not theretofore possessed under the law, and a litigant asserting rights thereunder will, of course, have to accept its burdens as well as its benefits, one of which is the restriction upon the right to contract already mentioned. It seems to us that we would be forced to give effect to an invalid provision of the contract in order to here hold that the attorneys were asserting a present interest in the cause of action. We will presume that the trial court did not so construe it, and that he was attempting merely to fix a fee as compensation under the terms of said statute.

The case of Hughes-Buie Co. v. Mendoza (Tex. Civ. App.) 156 S. W. 328, relied on by appellant, was not brought under the Workmen's Compensation Law, and distinguishes itself from this case upon the points already discussed.

Our order heretofore entered refusing to issue mandate is set aside, the motion for rehearing is granted, and the clerk of this court is directed to issue mandate without payment of costs.