## TEXAS EMPLOYERS INS. ASS'N v. JOHNSON.

### No. 13277.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 15, 1937.

See, also, (Tex.Civ.App.) 89 S.W.(2d) 1112.

Todd, Crowley & Thompson, of Fort Worth, for appellant.

Ben M. Terrell, of Fort Worth, for appellee.

SPEER, Justice.

On April 27, 1936, we overruled appellee's motion to issue mandate without payment of costs when she had filed her affidavit of inability to pay. By memoranda we stated this action was taken on authority of Texas Employers' Insurance Ass'n v. Davidson (Tex.Civ.App.) 290 S.W. 871.

Appellee presents her motion for rehearing on that order, and we believe this motion should be granted.

The authorities on the question are in conflict, and believing those favorable to the rehearing are based upon the sounder reasoning, we are inclined to give the appellee the benefit of our conclusions.

The Davidson Case, supra, upon which we based our ruling when we overruled the original motion, was based on a very similar state of facts as in the case at bar, but it was stated therein that the conclusions there reached were based in part on the holding announced in Watts v. Texas Employers' Insurance Ass'n (Tex.Civ. App.) 264 S.W. 186, 189.

We have carefully examined the Watts Case, supra, and find it does not support the holdings announced in the Davidson Case in this: The Watts Case was one in which the insurance carrier appealed from the award by the Industrial Accident Board and made Watts and his attorney, R. Loftin, parties defendant. These defendants filed a cross-action and the attorney joined in the litigation throughout the whole procedure. Judgment was rendered against Watts and Loftin, and the costs were awarded against the several parties litigant, including the attorney. Subsequently Watts filed his affidavit showing his inability to pay costs and asked for the issuance of the mandate without payment of accrued costs. This court held, in an opinion written by then Associate Justice Dunklin, that the mandate should not issue absent a showing that the attorney, also a defendant, was unable to pay.

In the Davidson Case and the case at bar the respective attorneys shown by the judgments to have been awarded an interest in the recovery were never parties to the suit nor could they alone have had execution for enforcement of their client's judgment.

The Supreme Court did not pass upon the question in either the Watts or Davidson Cases.

In the later case of Fidelity Union Casualty Co. v. Dapperman, 53 S.W.(2d) 845, 846, in which a writ of error was refused, the identical question before us was decided by the Amarillo Court of Civil Appeals, in which a different conclusion was reached to that in the Davidson Case, and the reasoning contained in the Dapperman Case we think is sound. The only connection the attorneys had in the record of the Dapperman Case was that the petition alleged plaintiff had made a contract with his attorneys to represent him in said matter and had agreed to pay them one-third of the amount to be recovered, and in the judgment it was recited with reference to the attorneys: "* * * and that their services have been and are necessary herein and that reasonable compensation therefor is one-third of the recovery herein awarded and that said one-third of the recovery herein should be adjudged to said F. P. Works and Jas. W. Bassett; it is further ordered and decreed by the Court that one-third of the amount recovered herein by the plaintiff L. L. Dapperman, to-wit: the sum of $1609.46, be and the same is hereby adjudged to said F. P. Works and Jas. W. Bassett."

In the Dapperman Case an affidavit by the employee of his inability to pay costs was made and a motion was presented requesting the issuance of the mandate without payment of the costs, and the motion was sustained without the further showing of the attorneys inability to pay.

In the case at bar a similar allegation was made by Amy Johnson to the effect that it had become necessary for her to employ Ben M. Terrell as an attorney to represent her in her claim before the Industrial Accident Board as well as through the courts, and that she had contracted with him for one-third of any recovery that may be had. The judgment of the court recited "that the plaintiff, Amy Johnson, is entitled to recover of and from the defendant in a lump sum $5311.69 * * * of which amount the sum of $3541.13 should be apportioned and paid to the said Amy Johnson in a lump sum, and $1770.56 should be apportioned and paid to Ben M. Terrell, her attorney of record, in a lump sum, which last mentioned amount the court has fixed and allowed the said Ben M. Terrell as attorney's fees for services rendered the said Amy Johnson in this cause."

At the conclusion of the judgment it is provided "and that the plaintiff recover all costs in this behalf expended, for all of which execution may issue."

As above stated, we believe the conclusions reached by the court in the Dapperman Case are sound, and that although the attorney representing an employee has been awarded an interest in the recovery, he is not responsible for costs on appeal if the decision should be adverse to the interest of his client. This being true, only the client would be liable for the costs, and upon proper affidavit of inability to pay we believe the mandate should be issued without requiring payment by such attorney or a showing of his inability to do so.

We therefore hold we were in error when we overruled, the original motion in this case, and we here and now set that order aside and sustain appellee's motion for rehearing and order that the mandate issue without the payment of costs.

Appellee's motion for rehearing granted.