JOHN MELLON'S (dependents') CASE.

Suffolk.   October 29, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Workmen's Compensation Act,* Legal services of administrator. *Attorney at Law. Executor and Administrator.*

A petition under the provisions of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 13, as amended by St. 1914, c. 708, § 7, by an administrator of the estate of a deceased employee, whose appointment had been insisted on by the insurer in a claim of dependents under the statute, for compensation from the insurer for legal services rendered in connection with his appointment, must be dismissed if the administrator does not show that there was no property of the intestate (apart from the right to compensation under the statute) to be administered and therefore it does not appear that the appointment of the administrator required for carrying out the provisions of the act was "not otherwise necessary."

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, disapproving the bill of Michael Ruane, Esquire, for professional services rendered in connection with his appointment as administrator of the estate of John Mellon, a deceased employee, alleged to be payable by the insurer under St. 1911, c. 751, Part II, § 13, as amended by St. 1914, c. 708, § 7.

The case was heard by *Jenney, J.* The evidence reported by the Industrial Accident Board is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board, declaring that nothing was due from the insurer to the administrator for the payment of bills rendered or contracted by him in the performance of his duties as administrator and ordering that the petition of the administrator for compensation for professional services be dismissed. The administrator appealed.

The case was submitted on briefs.

*F. W. Mansfield,* for the administrator.

*J. A. Dennison & R. Gallagher,* for the insurer.

PIERCE, J. This is an appeal from the decree of the Industrial Accident Board refusing to allow to the appellant compensation for legal services, alleged to have been rendered in opposing the petition of the insurer to that board to reopen the John Mellon case, because the agreement of compensation "was signed by mistake" and in opposition to a petition of the insurer to vacate a decree of the Superior Court entered upon the filing of the agreement therein. St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14.

The appellant was appointed administrator upon the estate of John Mellon, the employee, deceased. The beneficiaries entitled to compensation lived in Scotland. The insurer agreed to and insisted upon the appointment of an administrator. The record does not disclose the next of kin or whether or not the deceased left estate to be administered. The appellant has been paid for legal services connected with his appointment and for his services as administrator. The questions presented are, whether the appointment of the administrator is shown by the record to have been "not otherwise necessary" and whether,

if it appears to have been "not otherwise necessary," the insurer under Part II, § 13 of St. 1911, c. 751, as amended by St. 1914, c. 708, § 7, is liable for professional services rendered to the administrator in addition to the necessary disbursements and expenses of the administrator with reasonable compensation for his time necessarily spent in carrying out the provisions of this act.

Section 13, amended as above referred to, reads as follows: "The compensation payable under this act in case of the death of the injured employee shall be paid to his legal representative; or, if he has no legal representative, to his dependents; or, if he leaves no dependents, to the persons to whom payment of the expenses for the last sickness and burial are due. If the payment is made to the legal representative of the deceased employee, it shall be paid by him to the dependents or other persons entitled thereto under this act. When the appointment of a legal representative of a deceased employee, not otherwise necessary, is required for carrying out the provisions of this act, the association shall furnish or pay for all legal services rendered in connection with the appointment of such legal representative, or in connection with any of his duties, and shall pay the necessary disbursements for such appointment, the necessary expenses of such legal representative, and reasonable compensation to him for time necessarily spent in carrying out said provisions. All said payments shall be in addition to all sums paid for compensation."

There is nothing in the statements that the insurer would not pay money to the beneficiaries in Scotland, and that the insurer insisted on getting an administrator appointed, inconsistent with the existence of an estate of greater or less value which remained to be administered upon the death of the employee. This is all the record discloses, and manifestly is not sufficient to bring the appointment of the appellant administrator within the terms of the above act. If a legal representative was appointed to administer property left by the deceased employee, the insurer would not be held to reimburse that person for money paid for legal services rendered him in the recovery of the compensation which, under the statute, is to be paid by him to dependents or other persons entitled thereto.

We are of opinion § 13, *supra*, does not place such a burden upon the insurer in case a legal representative otherwise necessary to be appointed is appointed to receive and distribute the compensation in accordance with "the provisions of this act;" and that the duty placed upon the insurer by the terms of the statute is limited to the "necessary disbursements for such appointment, the necessary expenses of such legal representative, and reasonable compensation to him for time necessarily spent in carrying out" the provisions of the statute that "If the payment is made to the legal representative of the deceased employee, it shall be paid by him to the dependents or other persons entitled thereto under this act."

*Decree affirmed.*