ANDREA GRITTA'S (dependents') CASE.

Suffolk.    March 14, 1922. — June 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Workmen's Compensation Act,* Jurisdiction, Fee of attorney.    *Constitutional Law,* Police power.

Upon an application under G. L. c. 152, § 13, by the widow and guardian of minor children of a deceased employee, a claimant under the workmen's compensation act, for determination of the amount to be charged by her attorney, it appeared that, after a rescript from this court upon the claim for compensation, a sum of $1,160 had accumulated for the claimant; that, after negotiations, the claimant, a woman entirely lacking in knowledge of legal procedure, of foreign birth and unable to read, write or speak the English language, signed an agreement in writing promising to pay the attorney $900 for services and costs; that she had relied on the attorney to do all things necessary to a prosecution of her case and placed herself completely in his hands; that at the time when the paper, relied upon as an agreement, was signed, she was given little time in which to consider the matter, that she was excited and in tears much of the time, that no explanation was made to her that the question as to the amount of the fee was one which she could bring before the Industrial Accident Board for determination and that she herself had no knowledge of that fact. The attorney received the sums due from the insurer, paid the claimant $260 and retained $900. The Industrial Accident Board determined the contract in writing between the claimant and the attorney to have been invalid, and, on evidence warranting such a finding, found, with a detailed statement, that $357 was sufficient to compensate the attorney for all services and disbursements in the case and that he should repay $543 to the claimant. The Superior Court entered a decree in accordance with the decision of the board. Upon an appeal by the attorney, it was *held,* that

(1) G. L. c. 152, § 13, is constitutional being a proper exercise of the police power;

(2) The Industrial Accident Board, although its members were not judicial officers, was given power and authority in the administration of the statute to pass upon the entire subject and to do complete justice between the parties;

(3) The board was justified in holding that the written agreement or contract was not binding on the claimant, and the question, whether the amount charged by the attorney was unreasonable and excessive, was before the board for decision;

(4) The board had discretionary power not merely to approve the attorney's fees but also to fix his compensation at a sum which met with their approval, and the detailed statement of what in the judgment of the board the attorney should receive did not appear to have been erroneous or unjust;

(5) The fact that, before the application by the claimant for a determination of the amount to be paid for the attorney's services, the attorney had charged

and had been paid a greater sum than was due him, could not defeat the purpose
of the statute; the payment could be reviewed and set aside;

(6) It was no ground for reversal that the decision of the board and the
decree of the Superior Court required the attorney to repay the claimant the
difference between the fees he was allowed by the board and the amount he
had received;

(7) The question of the claimant's remedy if the attorney neglected to
comply with the decree was not before the court;

(8) The decree of the Superior Court was affirmed.

CERTIFICATION to the Superior Court under the provisions of
the workmen's compensation act of a decision of the Industrial
Accident Board that A. David Epstein, Esquire, attorney for the
claimants in *Gritta's Case,* which was before the court and was
reported in 236 Mass. 204, should receive for his services in that
case $357 and that, from the sum of $900 which he had received
from the claimants, he should pay back the sum of $543.

In the Superior Court the claim was heard by *Hammond,* J. The
findings of the Industrial Accident Board on the issue of the amount
of compensation to be paid to the respondent were as follows:

"The board find that $300 is a fair charge for the petitioner to
pay. In reaching this conclusion the board find that for such
preparation as the respondent made to try the case before the
single member and the full board $100 is a reasonable fee. For
the actual hearing before the single member $25. For the argu-
ment before the full board $25. For the preparation of the brief
which was filed in the Supreme Judicial Court $100. For proceed-
ings in having the petitioner appointed guardian of her children
$50. The files of the board show that no brief or memorandum of
law was filed or presented at any of the proceedings before the
board; that the case was not argued before the Supreme Judicial
Court and that the brief which was submitted was short and con-
tained no cases in addition to those already supplied the respondent
in the decision of the single member and the full board. The
record on which the appeal to the Supreme Judicial Court was
taken was, of course, prepared by the insurer as the appealing
party. This makes a total of $300 for services. In addition to
this there should be allowed the respondent the sum of $24 for
printing brief, the sum of $23 for stenographer's services and the
sum of $10 paid for premium on the guardian's bond, a total of
$57. Any expenditures which the respondent may have made to

assistant counsel in the preparation of the brief for the Supreme Judicial Court it is unnecessary to consider for the board finds that $100 is an ample fee for the preparation of the brief which was submitted regardless of the number of attorneys who may have attempted to assist therein."

By order of the trial judge, a decree was entered "that the said A. David Epstein is entitled to receive for attorney's fee and expenses the sum of $357 and that the said A. David Epstein pay to the said Maria P. Pappalardo, guardian of Frances and Andrea Gritta the sum of $543." The respondent appealed.

*I. Cherry,* (*A. D. Epstein* with him,) for the respondent.

*J. D. Taylor,* for the claimant, submitted a brief.

BRALEY, J. The decree awarding compensation to Frances Gritta and Andrea Gritta, minor children, and dependent members of the family of the deceased employee, at the rate of $10 a week for a period of four hundred weeks, was affirmed by this court on the insurer's appeal. *Gritta's Case,* 236 Mass. 204. While the exact date on which payments were to begin is not shown by the present record, it was conceded by the respondent, who acted as counsel for Maria Pappalardo, the claimant, mother and probate guardian of the children, that he had received from her for professional services rendered in the proceedings which culminated in the final decree, the sum of "$900." The Industrial Accident Board after a full hearing ordered that he should be allowed $357, and that the balance of $543 should be returned to the claimant, and the case is before us on the respondent's appeal.

The board was warranted on the record in finding that after the final decree the claimant went to the office of the respondent to get the money which was then due and was informed by him that his fee including expenses amounted to $1,000. The claimant objected, claiming that the charge was excessive. But after much discussion she signed an agreement whereby she promised to pay "the sum of $900 for services and costs rendered by him to me and my children in the matter of Gritta against J. M. Hartwell Company and Federal Mutual Liability Insurance Co." The parties thereupon went to the office of the insurance company where a check for $1,160 payable to the order of the claimant was delivered to the respondent. The claimant, an illiterate woman, indorsed the check by making her mark, and received the re-

spondent's check payable to her as guardian for $260, which she collected. The conduct of the respondent resulted in her asking under St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12; St. 1917, c. 297, § 9 (see now G. L. c. 152, § 13), for a review of the fees charged.

Section 13 as thus amended provides, that "Fees of attorneys and physicians and charges of hospitals for services under this act shall be subject to the approval of the industrial accident board. If the association and any physician or hospital, or the employee and any attorney, fail to reach an agreement as to the amount to be paid for such services, either party may notify the board, which may thereupon assign the case for hearing by a member of the board in accordance with the provisions of this act." The respondent contends that § 13 is violative of his constitutional rights, and that the board had no jurisdiction to determine the validity of the contract, or to fix the amount of his fees. The rights of certain classes of workmen to compensation under prescribed conditions were created by, and are subject to regulation and supervision of the Legislature. *Levangie's Case*, 228 Mass. 213, 216, 217. It is reasonably clear that unless the fees of counsel retained by injured employees, or their dependents, to enforce alleged claims under the statute are subject to the revision and approval of the board, charges more or less oppressive may be exacted. The statute goes no further than statutes relating to those engaged in the business of pawnbrokers, or of making small loans, or to the right of workmen to assign their future wages, or the restriction of the height of buildings, or the right to keep a hotel, upon compliance with certain conditions, all of which have been sustained as a valid exercise of the police power in the limitation of personal rights, and the rights of property in the interest of the public health, public morals and public safety. *Commonwealth* v. *Danziger*, 176 Mass. 290. *Mutual Loan Co.* v. *Martell*, 200 Mass. 482, 484. *Dewey* v. *Richardson*, 206 Mass. 430. *Welch* v. *Swasey*, 193 Mass. 364. *Chase* v. *Proprietors of Revere House*, 232 Mass. 88. *Mutual Film Corp.* v. *Ohio Industrial Commission*, 236 U. S. 230. The act moreover has been held to be constitutional in *Young* v. *Duncan*, 218 Mass. 346, and *Opinion of the Justices*, 209 Mass. 607. We cannot assume that in reaching this conclusion § 13 was overlooked.

But, even if the board had jurisdiction, the respondent complains that the evidence did not warrant the findings that his charges were excessive, and the order should be reversed. The relation and obligations of an attorney at law to his client have been so recently considered that further discussion is unnecessary. *Hill* v. *Hall,* 191 Mass. 253. *Boston Bar Association* v. *Hale,* 197 Mass. 423. *Manheim* v. *Woods,* 213 Mass. 537. *Rolikatis* v. *Lovett,* 213 Mass. 545. *Arnold* v. *Maxwell,* 223 Mass. 47. The board was warranted in finding on the evidence, "that the claimant was a woman entirely lacking in knowledge of legal proceedings, of foreign birth, and unable to read, write or speak the English language; that she had relied upon the respondent as her attorney to do all things necessary to a prosecution of her case and placed herself completely in his hands; that at the time when the paper, relied upon as an agreement, was signed she was given little time in which to consider the matter, that she was excited and in tears much of the time, that no explanation was made to her that the question as to the amount of the fee was one which she could bring before this board for determination and that she herself had no knowledge of this fact. It should be noted that the respondent was well aware of this fact, however, as shown by his testimony that he had previously talked with the chairman of the board with reference to his fee and had been advised as to the provisions of the workmen's compensation act with reference thereto. It would appear from the whole picture of the situation that the claimant may well have believed that she would not get her money from the insurance company unless she agreed to the terms which the respondent had made." It is plain that the parties did not stand on an equal footing, and that, whether she acted for herself or as guardian of the children, the claimant was overreached.

The board accordingly was justified in holding that in effect the written agreement or contract was not binding on her, and the question, whether the amount charged was unreasonable and excessive, was before it for decision. The necessity and value of the respondent's services were to be measured by what he was required to do, and there can be no question that the amount obtained was largely in excess of the fair value of his work.

The board had discretionary power not merely to approve the

respondent's fees, but to fix his compensation at a sum which met with their approval, and the detailed statement of what in the judgment of the board he should receive does not appear to have been erroneous or unjust. If no money had been received by the respondent, he could lawfully demand and collect only the fees awarded. But the fact that he had charged and been paid a greater sum before the petition was brought, cannot defeat the purpose of the statute. It was a payment which could be reviewed and set aside. The board, although its members are not judicial officers, had been given authority in the administration of the statute to pass upon the entire subject and to do complete justice between the parties, and it is no ground for reversal that the order also requires the respondent to repay to the claimant the difference between the fees allowed and the amount he received. *Gould's Case,* 215 Mass. 480.

The question of the claimant's remedy if the respondent neglects to comply with the order is not before us, and, no error of law appearing, the decree should be affirmed.

*So ordered.*