Joseph Silva's (dependents') Case.

Essex.    February 7, 1940. — March 4, 1940.

Present: Field, C.J., Donahue, Qua, Dolan, & Cox, JJ.

*Workmen's Compensation Act*, Attorney's fee.

An attorney who has received a sum paid him by an insurer in accordance with an order of the Industrial Accident Board under G. L. (Ter. Ed.) c. 152, § 39, as amended by St. 1937, c. 317, from which, by the order, "any expenses in connection with the guardianship" of some of the claimants were to be paid and only the balance retained by him as a fee, properly might be ordered subsequently under § 13 to pay a part of that sum to the guardian to reimburse him for a reasonable payment made to another attorney for services in procuring his appointment as guardian.

Motion, made in the Superior Court to enforce a decision by the Industrial Accident Board as to an attorney's fee.

A decree was entered by order of *Hurley*, J.

The case was submitted on briefs.

*G. L. MacDonald*, for the appellant.

*L. Albert, pro se.*

Field, C.J.    This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152.    The employee was killed in the

course of his employment. He left a widow and two minor children. The insurer's liability for compensation was redeemed by a lump sum payment of $2,000, in accordance with an agreement approved by the Industrial Accident Board (G. L. [Ter. Ed.] c. 152, §§ 6, 48), and the board approved payment to the attorney (J. M. Marshall) acting in behalf of the dependents, in the sum of $200, to be paid out of the $2,000. See G. L. (Ter. Ed.) c. 152, § 13. But the "insurer further agreed to furnish $100, for expenses and legal services in connection with the appointment of a guardian or guardians for the two children of the deceased." The board "instructed" the insurer to pay this amount to said Marshall "out of which any expenses in connection with the guardianship was to be paid, and the balance of which was to be retained by attorney Marshall as his fee." The insurer complied with this order, but Marshall "has kept the entire $100."

Later the board, upon the report of a single member (see G. L. [Ter. Ed.] c. 152, § 13; *Golden's Case*, 240 Mass. 178, 180–181), found that one D. W. Capillo had already been appointed guardian of the minor son of the deceased, and that Marshall was entitled to no more than $75 for his services, and ordered Marshall to pay $25 to Capillo, "who has already paid $19 to attorney Albert, out of his own pocket, and who shall pay $6 more to the attorney, Louis Albert, for his services on behalf of said guardian."

Capillo, by a so called "motion for decree" filed in the Superior Court, in which he recited that said Marshall had failed to comply with the order of the board, prayed for a decree enforcing the decision of the board. A decree was entered in the Superior Court that Marshall is indebted to Capillo in the sum of $25 "which shall be paid" by said Marshall with costs to said Capillo, from which said Capillo "shall pay $6 to Louis Albert, Attorney." From this decree Marshall appealed to this court. See G. L. (Ter. Ed.) c. 152, § 17.

The sum of $100 was paid by the insurer in accordance with the provisions of G. L. (Ter. Ed.) c. 152, § 39, as amended by St. 1937, c. 317, that compensation payable in

case of the death of an employee shall, if he has no legal representative, be paid to his dependents, and that when "the appointment of a guardian . . . of . . . [a] dependent who is a minor . . . is required to comply with this chapter, the insurer shall furnish or pay for legal services rendered in connection with the appointment of such . . . guardian . . . [and that] Said payments shall be in addition to sums paid for compensation." The amount claimed by Marshall was solely for an attorney's fee, as was the amount claimed by Capillo, although Capillo was not himself the attorney. The right of each of them to receive such a fee was dependent upon the approval thereof by the Industrial Accident Board. G. L. (Ter. Ed.) c. 152, § 13. G. L. (Ter. Ed.) c. 24, § 1. The fact that Marshall had actually been paid the entire $100 did not preclude the board from requiring him to return a part of this amount, if the facts found by the board warranted (*Gritta's Case*, 241 Mass. 525, 529–530), unless the board was precluded from making such an order by the fact that it had previously "instructed" the insurer to pay the entire amount to Marshall. The form of this instruction does not appear in the record though its terms appear. But even if it constituted a formal approval of Marshall's fee as attorney, we think — without deciding whether such an approval would be subject to revision by the board — that the provision therein that "any expenses in connection with the guardianship" were to be paid out of the $100, and only the balance "retained by attorney Marshall as his fee" left it within the power of the board, under the authority conferred upon it by G. L. (Ter. Ed.) c. 152, § 13, to approve attorneys' fees (see also § 16), to order the fee of the other attorney "in connection with the guardianship" paid out of the $100 received by Marshall. And there is no legal objection, in the circumstances shown, to ordering Marshall to make this payment to Capillo as guardian, rather than to his attorney or to the insurer. See *Gritta's Case*, 241 Mass. 525, 529–530. Moreover, the payment ordered cannot be said to be unreasonable in amount.

*Decree affirmed.*