No. 68054          Municipal          Suffolk, ss

ROSE                     (Frank I. Rose, pro se)
v. CURTIS             (Harmon, Verde, & Tracy)

From the Municipal Court of Boston—Tomasello, J.

Argued June 23, 1941—Opinion Filed July 8, 1941

KENISTON, J. (Putnam, C.J., & Riley, J.)—This is an action of contract on an account annexed for legal services rendered by the plaintiff for the defendant. The defendant's answer is a general denial and a special answer that the plaintiff's services arose out of proceedings before the Industrial Accident Board and that this court has no jurisdiction to entertain the cause.

At the trial the evidence went in on an agreed oral statement of facts of which the following are all that are material:

"The plaintiff, a practicing attorney, was engaged by the defendant to represent his claim in connection with an accident that had occurred, allegedly while he was in the scope of his employment for his employer. The case was tried before the Industrial Accident Board by the plaintiff, and a finding entered in his favor by a single member, following which, there were various proceedings having to do with a lump sum settlement in favor of the defendant, at which the individual member of the Board approved the amount of $75 for the services of the plaintiff. Thereafter the proposed settlement was disapproved by the Board, and as a result of some personal disagreement between the plaintiff and the defendant, the plaintiff withdrew his appearance and thereafter performed no further services. Other counsel came in for the defendant, and a settlement of $2,200 was eventually made, following further proceedings in the Superior Court. The plaintiff has never been paid anything on account of his services.

Although it is not so stated in the report, we assume that there was a finding for the defendant. Whether considered as a case stated or upon the denial of the plaintiff's requests

for rulings, the only question involved is whether this court has jurisdiction to determine the amount of attorneys' fees in cases before the Industrial Accident Board.

See Gen. Laws (Ter. Ed.) c. 152, ss. 11 and 13.

It is our opinion that the legislature intended that the Industrial Accident Board should have exclusive jurisdiction of determining attorneys' fees in accident cases heard before it and that this court has no jurisdiction thereof. *Silva's Case,* 305 Mass. 380.

Section 13 provides that such fees "shall be subject to approval of the department." The legislature could hardly have intended that the Industrial Accident Board should have the right to approve or disapprove amounts determined by another judicial body.

Section 13 has been amended by Chap. 68 of the Acts of 1933, as follows: "Any hospital referred to in Section 70 of Chapter 111, shall be precluded from recovering in any form of action any charges for services under this chapter in excess of the amount approved by the department."

The plaintiff contends that as this amendment expressly states that the hospitals therein designated cannot recover in any form of action, it is a proper implication that attorneys and others not so included in the amendment may do so. However, we do not believe that the amendment was intended to so affect the prior act but was merely declaratory of its existing effect regarding these hospitals.

Whether this appeal is considered on the basis of a case stated or upon the trial court's rulings upon the plaintiff's requests, the result is the same. There was no error.

The order is, report dismissed.