Keniston, J.
This is an action of contract on an account annexed for legal services rendered by the plaintiff for the defendant. The defendant’s answer is a general denial and a special answer that the plaintiff’s services arose out of proceedings before the Industrial Accident Board and that this court has no jurisdiction to entertain the cause.
At the trial the evidence went in on an agreed oral statement of facts of which the following are all that are material :
*360 “The plaintiff, a practicing attorney, was engaged by the defendant to represent his claim in connection with an accident that had occurred, allegedly while he was in the scope of his employment for his employer. The case was tried before the Industrial Accident Board by the plaintiff, and a finding entered in his favor by a single member, following which, there were various proceedings having to do with a lump sum settlement in favor of the defendant, at which the individual member of the Board approved the amount of $75.00 for the services of the plaintiff. Thereafter the proposed settlement was disapproved by the Board, and as a result of some personal disagreement between the plaintiff and the defendant, the plaintiff withdrew his appearance and thereafter performed no further services. Other counsel came in for the defendant, and a settlement of $2200.00 was eventually made, following further proceedings in the Superior Court. The plaintiff has never been paid anything on account of his services.
The plaintiff seasonably filed the following requests for rulings:
1. The Industrial Accident Board does not have complete and exclusive jurisdiction over the matter of counsel fees and attorneys that represent claimants before it.
2. If the plaintiff had withdrawn from the case before the Board after proving services for the defendant, this court has jurisdiction.
3. If there is evidence that the Board allowed the plaintiff the sum of $75.00, for counsel fees for work done, for the defendant and the plaintiff thereafter withdrew from the case, then this court has jurisdiction.
4. There is evidence warranting a finding that the fair value of the services by the plaintiff for the defendant is $75.00 or more.
*361 The court denied requests 1, 2 and 3 and as to 4, ruled, “Granted as to $75.00 but not as to ‘or more’ ” upon which rulings and refusal to rule, this appeal is brought.
The case having been submitted upon an agreed statement of facts, it becomes a case stated and the question is whether the plaintiff can recover in any form of action. Frati v. Jannini, 226 Mass. 430, G. E. Lathrop Theatres Co. v. Edison Electric Illuminating Co., etc., 290 Mass. 189.
Although it is not so stated in the report, we assume that there was a finding for the defendant. Whether considered as a case stated or upon the denial of the plaintiff’s requests for rulings, the only question involved is whether this court has jurisdiction to determine the amount of attorneys’ fees in cases before the Industrial Accident Board.
Gen. Laws (Ter. Ed.) Chap. 152, Sec. 13, provides: “Fees of attorneys and physicians and charges of hospitals for services under this chapter shall be subject to the approval of the department. If the insurer and any physician or hospital, or the employee and any attorney, fail to agree as to the amount to be paid for such services, either party may notify the department, which may thereupon assign the case for hearing by a member thereof. The member shall report the facts to the department for decision, and the decision shall be enforceable under section 11.”
Section 11 provides in substance that any party in interest may present certified copies of a final order or decision of the Industrial Accident Board to the Superior Court and that court shall thereupon render a decree in accordance with such decision which decree shall have the same effect as though rendered in a suit heard and determined by that court.
It is our opinion that the legislature intended that the Industrial Accident Board should have exclusive jurisdic *362 tian of determining attorneys’ fees in accident cases heard before it and that this court has no jurisdiction thereof. Gritta’s Case, 241 Mass. 525, Silva’s Case, 305 Mass. 380.
Section 13 provides that such fees “shall be subject to approval of the department”. The legislature could hardly have intended that the Industrial Accident Board should have the right to approve or disapprove of amounts determined by another judicial body.
Section 13 has been amended by Chap. 68 of the Acts of 1933, as follows: “Any hospital referred to in Section 70 of Chapter 111, shall be precluded from recovering in any form of action any charges for services under this chapter in excess of the amount approved by the department”.
The plaintiff contends that as this amendment expressly states that the hospitals therein designated cannot recover in any form of action, it is a proper implication that attorneys and others not so included in the amendment may do so. However, we do not believe that the amendment was intended to so affect the prior act but was merely declaratory of its existing effect regarding these hospitals.
Whether this appeal is considered on the basis of a case stated or upon the trial court’s rulings upon the plaintiff’s requests, the result is the same. There was no error.
The order is, Report dismissed.