JAMES WHITTAKER'S (dependent's) CASE.

Suffolk.     November 5, 1943. — May 15, 1946.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Workmen's Compensation Act*, Attorney's fees;   Procedure:   decree.
   *Attorney at Law.   Payment.   Volunteer.   Set-off.*

The obligation of an insurer under § 39 of the workmen's compensation
   act, as amended by St. 1937, c. 317, to pay for legal services rendered
   in connection with the appointment of a legal representative when
   such appointment is required to comply with the act, is to the claimant
   in addition to the obligation to pay compensation, and is not to the
   attorney rendering the services;   the attorney's right to a fee for
   services rendered in such circumstances is to be determined in a pro-
   ceeding between him and the claimant under § 13, as amended, and
   not in any proceeding between him and the insurer.
The authority of the Industrial Accident Board under § 13 of the work-
   men's compensation act, as amended, to order an attorney to repay
   an excessive portion of a fee collected from a claimant relates only
   to a fee collected for services in the compensation case.
An order by the Industrial Accident Board for the repayment of an
   excessive portion of a fee collected by an attorney from a claimant
   for services rendered in a workmen's compensation case is not pre-
   cluded on the ground that the payment to the attorney was voluntarily
   made.
The Industrial Accident Board in a workmen's compensation case, upon
   determining an amount which an attorney ought to repay to the
   claimant as in excess of the proper amount for services rendered by
   the attorney in that case, has no authority to determine and set off
   an amount due to the attorney from the claimant for other services.
A decree of the Superior Court ordering certain payments in a workmen's
   compensation case in accordance with the decision of the Industrial
   Accident Board should not also have ordered that "said appeal,"
   meaning the certification, "be dismissed."

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

A decree was entered by order of *Walsh*, J.

*S. Stern*, pro se.

*C. A. Iannella*, for the claimant, submitted a brief.

*R. V. Rogers*, Assistant Attorney General, was permitted to argue orally, without a brief, in support of the decree.

FIELD, C.J.   This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152.   An award of dependency compensation was made by decree of the Superior Court to the claimant Louise Whittaker, the widow of a deceased employee James Whittaker.   Thereafter, "the department of industrial accidents," G. L. (Ter. Ed.) c. 152, § 1 (2), consisting of "the industrial accident board," G. L. (Ter. Ed.) c. 24, § 1, see *Mozetski's Case*, 299 Mass. 370, 373-374, made a decision embodying certain findings of fact and an order that the attorney for the claimant "having collected from the claimant $345 is ordered to refund to her forthwith the sum of $160."   Certified copies of the decision of the board and all papers in connection therewith, including a report of the evidence, were presented to the Superior Court in accordance with G. L. (Ter. Ed.) c. 152, § 11, as finally amended by St. 1939, c. 213, § 1; § 13, as amended by St. 1933, c. 68; and § 16.   In the Superior Court a decree was rendered that the attorney "refund forthwith to Louise Whittaker . . . $160," with costs, and "that said appeal be dismissed."   The attorney appealed to this court.

It was the duty of the Superior Court to "render a decree in accordance" with the decision of the board.   G. L. (Ter. Ed.) c. 152, § 11, as amended.   See also § 13, as amended; § 16.   This means that the "decree must be that required as matter of law by the facts set forth in the decision of the board unless the decision is unsupported by evidence or tainted by error of law."   *Lopes's Case*, 277 Mass. 581, 585. The ultimate conclusion of the board was a decision that the attorney for the claimant "having collected from the claimant $345 is ordered to refund to her forthwith the sum of $160."   The decree of the Superior Court was in accordance with this ultimate conclusion.   But the decision of the board contained findings of fact which constituted a part thereof, and the question to be decided is whether the decree was in accordance with the decision of the board

considered as a whole if supported by evidence and not tainted by error of law.

1. The authority of the board constituting the department to fix the fees of the attorney for the claimant was conferred by G. L. (Ter. Ed.) c. 152, § 13, as amended, which is as follows: "Fees of attorneys and physicians and charges of hospitals for services under this chapter shall be subject to the approval of the department. If the insurer and any physician or hospital, or the employee and any attorney, fail to agree as to the amount to be paid for such services, either party may notify the department, which may thereupon assign the case for hearing by a member thereof. The member shall report the facts to the department for decision, and the decision shall be enforceable under section eleven."

It is to be observed that under this section the question of the amount of the fees of an attorney is a question between the attorney and a claimant. With respect to such fees, the situation is different from the situation with respect to the fees of physicians and the charges of hospitals where the question is between the insurer and the physician or the hospital. The authority of the board to fix fees of physicians is limited to those fees for which the insurer is liable. *Holland* v. *Zeuner*, 228 Mass. 142, 143. Apparently there is the same limitation with respect to charges of hospitals for services, and the statute contains a further express provision, added by St. 1933, c. 68, that certain hospitals shall be precluded from recovering "any charges for services under this chapter in excess of the amount approved by the department." The fees of attorneys that are subject to the approval of the board under this section are, however, fees for which the claimant is liable. But the fees of an attorney that are subject to approval under this section are limited to fees "for services under this chapter," that is, G. L. (Ter. Ed.) c. 152, the workmen's compensation law, and obviously are limited to services in the compensation case. Under said § 13, as amended, the "board had discretionary power not merely to approve the . . . [attorney's] fees, but to fix his compensation at a sum which met with their

approval . . .. If no money had been received by the
. . . [attorney], he could lawfully demand and collect
only the fees awarded." *Gritta's Case*, 241 Mass. 525,
529–530.

The findings of the board as to the amount of the attor-
ney's fees were as follows: "Upon all the evidence the board
is of the opinion and finds that a fair fee for the services
rendered by counsel in connection with this compensation
case is $185. The board finds that counsel is entitled to the
payment of $50 for the preparation of the case; $50 for trial
before the single member; $35 for argument before the re-
view board; and $50 for the preparation of a brief and argu-
ment before a justice of the Superior Court. The board
finds that counsel is not entitled to be paid by the claimant
for services rendered by him in having her appointed ad-
ministratrix. The board further finds that counsel is not
entitled to be paid from her compensation proceeds for any
services rendered to her by him in connection with other
matters."

There was no legal error in the finding of the board "that
counsel is entitled to the payment of $50 for the preparation
of the case; $50 for trial before the single member; $35 for
argument before the review board; and $50 for the prepara-
tion of a brief and argument before a justice of the Superior
Court," aggregating $185, and there was no legal error in
the finding of the board "that a fair fee for the services
rendered by counsel in connection with this compensation
case is $185," unless there was legal error in failing to include
in the attorney's fees "for the services rendered by counsel
in connection with this compensation case" compensation
for other services so rendered. The question arises whether,
as a part of the attorney's fees for services rendered by him
in connection with this compensation case, compensation
for services rendered by him in having the claimant ap-
pointed administratrix should be included. The board
found expressly that he was not entitled to be paid by the
claimant for such services. We interpret this finding to
mean that he was not entitled to be paid for such services
as a part of his fees in the compensation case.

Ordinarily, services rendered by an attorney in connection with the appointment of a legal representative of the deceased employee are not services rendered in connection with a compensation case, that is, "services under this chapter," c. 152, which under § 13 thereof, as amended, are "subject to the approval of the department." But § 39 of this chapter, as amended by St. 1937, c. 317, provides that the "compensation payable in case of the death of the injured employee shall be paid to his legal representative . . . . When the appointment of a legal representative of a deceased employee . . . is required to comply with this chapter, the insurer shall furnish or pay for legal services rendered in connection with the appointment of such legal representative . . . or in connection with his duties, and shall pay the necessary disbursements for such appointment, the necessary expenses of such legal representative . . . and reasonable compensation to him for time necessarily spent in complying therewith. Said payments shall be in addition to sums paid for compensation." This statute implies that, when the appointment of a legal representative "is required to comply with this chapter," the legal services in connection with such appointment are services in connection with the compensation case and, if such services are not furnished by the insurer, compensation therefor is a part of the attorney's fees "for services under this chapter."

The board made no finding that the appointment of an administrator was so required or that the attorney rendered any legal services in connection with such an appointment. There was, however, evidence before the board bearing upon these matters which is summarized in the decision of the board as follows: "Counsel testified that the insurer refused to pay compensation that was due the employee until an administrator of his estate was appointed. He further testified that because of this he had the widow appointed administrator and that $50 was a fair fee for the services he rendered in this connection and that part of the fee charged the dependent widow was for these services." The board included in its decision the following ruling: "If the situation

was as testified to by counsel, that the insurer refused to make payments without the appointment of an administrator, then § 39 of the act provides that the insurer is responsible for these services and not the dependent widow. Clearly the widow is not responsible to counsel for any fee in this connection." We think that on the facts assumed by the board, which could have been found by it on the evidence, this ruling was wrong. On these facts, the right to have the insurer "pay for legal services rendered in connection with the appointment" of the widow as administratrix was her right against the insurer to be enforced as a part of the right to compensation of the deceased employee, the word "employee" including "his legal representatives, dependents and other persons to whom compensation may be payable." G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1935, c. 406 (see now St. 1943, c. 529, § 3). The duty of an insurer, who does not "furnish" such legal services, to "pay" for such legal services is a duty to the "employee" and not a duty to his attorney. Section 39, as amended, provides that payments by the insurer "for legal services rendered in connection with the appointment of such legal representative" "shall be in addition to sums paid for compensation." The attorney's right to payment for such services is against the "employee." No provision is made for any proceeding by the attorney against the insurer. His right to fees for services in a compensation case, including services rendered in connection with the appointment of an administrator, is determinable under § 13 in a proceeding between him and the "employee." See *Mellon's Case*, 231 Mass. 399; *Gritta's Case*, 241 Mass. 525. In this respect, there is a difference under § 13, as amended, between the fees of attorneys and the fees of physicians. With respect to the fees of physicians, there is provision for a determination of such fees between the insurer and the physician so that the physician, unlike the attorney, may be a party to the proceedings. *Huxen's Case*, 226 Mass. 292, 294.

While we hold that the ruling of the board herein considered was erroneous upon the facts assumed by the board, we express no further opinion as to when the appointment

of a legal representative "is required to comply with this chapter" within the meaning of these words as used in said § 39, as amended.

The erroneous ruling by the board may have affected its findings with respect to the amount of the attorney's fees and consequently vitiated its finding "that counsel is not entitled to be paid by the claimant for services rendered by him in having her appointed administratrix" and also its finding "that a fair fee for the services rendered by counsel in connection with this compensation case is $185."

The finding of the board "that counsel is not entitled to be paid from her compensation proceeds for any services rendered to her by him in connection with other matters" refers to certain services described in the decision which clearly on the findings warranted by the evidence were not a part of the services rendered by him in connection with the compensation case.

In view of the legal error of the board in excluding from the attorney's fees, upon an erroneous ruling of law, any amount for legal services rendered by the attorney in connection with the appointment of the widow as administratrix of the estate of the deceased employee, the case must be recommitted to the board to make a finding as to the fees, if any, to be allowed to the attorney for such services, if any, rendered by him — unless upon other grounds the decree is erroneous — a matter hereinafter considered.

2. As was pointed out in *Gritta's Case*, 241 Mass. 525, 529–530, "The board had discretionary power not merely to approve the . . . [attorney's] fees, but to fix his compensation at a sum which met with their approval . . .. If no money had been received by the . . . [attorney], he could lawfully demand and collect only the fees awarded. But the fact that he had charged and been paid a greater sum before the petition was brought, cannot defeat the purpose of the statute. It was a payment which could be reviewed and set aside. The board, although its members are not judicial officers, had been given authority in the administration of the statute to pass upon the entire subject and to do complete justice between the parties, and it is no ground

for reversal that the order also requires the . . . [attorney] to repay to the claimant the difference between the fees allowed and the amount he received." See also *Silva's Case*, 305 Mass. 380.

The authority of the board under G. L. (Ter. Ed.) c. 152, § 13, as amended, to approve an attorney's fees relates only to fees for services rendered in a compensation case, and its authority to order amounts received by an attorney from an "employee" repaid to him relates only to amounts received by the attorney for such services. The board had no authority in the present case to order the attorney to repay to the claimant amounts received by him from the claimant for other services. Its authority to order repayment extended only to amounts received by the attorney for services in the compensation case in excess of the fees properly fixed by the board for such services. A fact to be found by the board in the present case was the amount received by the attorney for services in the compensation case. The finding of the board upon this matter was as follows: "Upon all the evidence the board finds and rules that counsel has to date collected from the claimant $345 and some small additional amount that cannot be determined from the evidence and that counsel has endeavored to collect an additional $200 from her." The board in its order for repayment dealt only with the amount of $345. The finding of the board does not state expressly that this amount was received by the attorney as fees for services in the compensation case although it may be that, in view of the other findings of the board and of the fact that the proceeding related only to such fees, this finding should be so interpreted. This finding, if so interpreted, would have been warranted by the evidence. But if the case is to be recommitted to the board for further findings with respect to the amount of his fees for services in the compensation case, we think it should also be recommitted for the purpose of clarifying this finding so that it will show expressly whether the amount of $345 was collected solely for attorney's fees in the compensation case.

3. The attorney contends that the order for repayment

by him to the claimant was erroneous for the reason that the amount collected by him was voluntarily paid to him by the claimant. The board made no express finding with respect to the voluntary or involuntary nature of the payment although it made certain findings as to the circumstances of such payment. These facts do not show whether the payment was voluntary. But we think that the principles ordinarily applicable to voluntary payments between persons at arm's length, see *Carey* v. *Fitzpatrick,* 301 Mass. 525, 527; *Kirchner* v. *Pittsfield,* 312 Mass. 342, 345–346, are not applicable to payments of attorney's fees by an "employee" to his attorney in excess of the amount thereof later fixed by the board. In *Gritta's Case,* 241 Mass. 525, 528, the purpose of G. L. (Ter. Ed.) c. 152, § 13, as amended, was indicated by the following language: "It is reasonably clear that unless the fees of counsel retained by injured employees, or their dependents, to enforce alleged claims under the statute are subject to the revision and approval of the board, charges more or less oppressive may be exacted." The purpose of this statute is the protection of employees, their dependents or legal representatives. This purpose should not be allowed to be frustrated by the simple expedient of permitting an attorney who had collected fees in a compensation case in excess of the amount later fixed by the board to retain such excess even though the payment thereof by the claimant would be voluntary if between persons standing at arm's length.

4. Neither the board nor the Superior Court in entering a decree in accordance with the decision of the board was precluded from ordering repayment on the ground that the attorney was entitled to a set-off against money received by him for his services in the compensation case of other claims for services rendered by him to the claimant. Compare *Newell* v. *West,* 149 Mass. 520, 526; *Blake* v. *Corcoran,* 211 Mass. 406, 407; *In re G. F. Redmond & Co. Inc.* 17 Fed. (2d) 501, 502. The authority of the board under G. L. (Ter. Ed.) c. 152, § 13, as amended, and of the Superior Court to order repayment by the attorney was limited to moneys received by the attorney for services in the com-

pensation case. Neither the board nor the court had authority in this proceeding to order repayment of any other moneys to the claimant. On the other hand, neither the board nor the court had any authority in this proceeding to adjudicate any claims of the attorney against the claimant other than his claim for attorney's fees in the compensation case. No such authority is conferred by the statute upon the board, and the authority of the court in entering a decree in accordance with the decision of the board is no broader in this respect than the authority of the board. The authority of the board and of the court is limited to fixing attorney's fees in a compensation case, determining the amount received by the attorney for such fees and ordering repayment of the excess of the amount so received over the amount of the attorney's fees properly fixed by the board. Neither the board nor the court had authority to adjudicate other matters in this proceeding for the purpose of allowing a set-off by the attorney of claims by him against the claimant for legal services rendered by him to her, other than in the compensation case, against any amount received by him from her for services in that case in excess of his fees for services in that case properly allowed by the board.

5. There was error in the Superior Court in ordering "that said appeal be dismissed." Obviously the word "appeal" refers to the certification of copies of the decision of the board authorized by G. L. (Ter. Ed.) c. 152, § 11, as amended. See also § 13, as amended. Such certification brought the case before the Superior Court for its determination and such certification should not have been dismissed.

The result is that the decree is reversed and that the case is to be recommitted to the Industrial Accident Board (a) to make a finding as to the fees, if any, to be allowed to the attorney for services, if any, rendered by him in connection with the appointment of the widow as administratrix of the estate of the deceased employee, (b) to determine the amount received by the attorney from the claimant solely for attorney's fees in the compensation case, and

(c) to make such correction, if any, in its order for a refund by the attorney to the claimant as may be required by its findings.

*So ordered.*