BENJAMIN LIBERMAN'S (guardian's) CASE.

Suffolk. February 9, 1984. — March 7, 1984.

Present: GRANT, BROWN, & PERRETTA, JJ.

*Workmen's Compensation Act,* Compensation of guardian.

The guardian of a minor dependent of a deceased employee was not enti-
tled under § 39 of the Workmen's Compensation Act to payment for
the value of his services in driving the minor to and from schools, social
and sporting activities, doctors' offices, a dentist's office, and various
stores, and for the use of his automobile in making these trips. [600-
601]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board.

The case was heard by *Highgas,* J., a Probate and Family
Court judge sitting under statutory authority.

*John J. Nolan* for the guardian.

*Gerard R. Kineen* for the insurer.

GRANT, J.  The employee in this case was shot and killed
in 1970 while engaged in the performance of his duties as an
attendant in a parking garage in Boston.  The employer's
workmen's compensation carrier accepted the case and
commenced payments to the employee's dependents under
G. L. c. 152, §§ 31 and 32.  The dependents included the
woman to whom the employee was married at the time of
his death and their two-year old son Danny.  The widow
died in 1977, and Danny's maternal grandfather, the claim-
ant in this case, was appointed by a Probate Court as Dan-
ny's guardian, with custody of the person as well as the
property.  As required by the third and fourth sentences of
G. L. c. 152, § 39, as amended by St. 1937, c. 317,[1] the in-

---

[1] That section reads in its entirety as follows: "The compensation pay-
able in case of the death of the injured employee shall be paid to his legal
representative; or, if he has no legal representative, to his dependents; or,

surer paid all the legal and other expenses incident to the appointment as guardian.  Since the appointment, the insurer has been making § 31 payments of $40.00 a week to the guardian for Danny's benefit.

The guardian, with whom Danny lives, has submitted a claim against the insurer for the value of his services in driving Danny to and from a public school, a religious school, various social and sporting activities, doctors' offices, a dentist, and various stores.  He has also submitted a claim for the use of his automobile in connection with the foregoing.[2] A single member of the Industrial Accident Board, after hearing, concluded that both types of claim were comprehended within the scope of G. L. c. 152, § 39, and ordered the insurer to pay the guardian a total of $2,580 a year, commencing with the date of his appointment and continuing until such time as Danny ceases to be a dependent within the meaning of §§ 31 and 32 or the guardianship is terminated, whichever first occurs.  The reviewing board affirmed the decision of the single member.  A probate judge sitting in the Superior Court entered a judgment denying

---

if he leaves no dependents, to the persons to whom payment of the expenses for the last sickness and burial is due.  If payment is made to the legal representative of the deceased employee, it shall be paid by him to the dependents or other persons entitled thereto under this chapter. When the appointment of a legal representative of a deceased employee or dependent, or the appointment of a guardian or conservator of an employee or dependent who is a minor or is insane or is otherwise legally incapacitated, is required to comply with this chapter, the insurer shall furnish or pay for legal services rendered in connection with the appointment of such legal representative, guardian or conservator or in connection with his duties, and shall pay the necessary disbursements for such appointment, the necessary expenses of such legal representative, guardian or conservator, and reasonable compensation to him for time necessarily spent in complying therewith.  Said payments shall be in addition to sums paid for compensation."

[2] It is important to understand that the guardian is not advancing any claim for his services in managing the ward's money or other property or for his services or expenses in connection with the performance of his duties under G. L. c. 206.  To the contrary, he has improperly mingled the ward's monies with his own and has never accounted to the Probate Court.

and dismissing both the guardian's claims. The guardian has appealed.

Both the single member in his decision and the guardian in his brief have assiduously refrained from identifying any particular language in G. L. c. 152, § 39 (note 1, *supra*), which might support either of the guardian's claims. Both authors appear to have overlooked the fact that the third and fourth sentences of § 39 are confined in their operation to instances in which the "appointment of a guardian . . . of a dependent . . . is required to comply with this chapter," meaning G. L. c. 152. See *Mellon's Case*, 231 Mass. 399, 400-402 (1918); *Whittaker's Case*, 319 Mass. 582, 585-588 (1946).[3] Thus, those sentences have no application to the situation in which a minor dependent already has a guardian or there is some other reason for the appointment of a guardian, such as that the dependent has property apart from workmen's compensation benefits which needs to be administered. All this strongly suggests that the only purpose of the third and fourth sentences of § 39, so far as they are concerned with the appointment of a guardian, is to require the insurer to pay for the actual expenses of a guardianship when the only justification therefor is the insurer's payment of § 31 benefits.

The single member adverted to the statutory history of those two sentences[4] but failed to note that the particular legislation which brought guardians and conservators within their scope (St. 1937, c. 317) bore a title ("An Act requiring insurers under the workmen's compensation act to pay the cost of appointment of guardians and conservators of employees or dependents") which does not support his expansive interpretation of the sentences. We have found no

---

[3] Nobody has pointed to any particular provision of c. 152 which required the appointment of the guardian in this case, but the case has been argued to us on the basis that the appointment was required. The guardianship may have been insisted on by the insurer so that there would be someone who could give valid receipts for the § 31 payments.

[4] See St. 1911, c. 751, Part II, § 13; St. 1914, c. 708, § 7; G. L. c. 152, § 39 (1921); G. L. (Ter. Ed.) c. 152, § 39; St. 1937, c. 317.

section of c. 152 in which the Legislature has evinced an intention to compensate or otherwise reward a natural guardian for nurturing the educational, moral, social or physical well-being of a minor who qualifies as a dependent under § 32. No reason is readily apparent why a legal guardian should be singled out for more favorable treatment.

Nothing in § 39, or elsewhere in c. 152, imposes any duty on the guardian in this case to perform any of the services or incur any of the expenses for which he seeks to be compensated or reimbursed. In our view, the words "reasonable compensation to [the guardian] for time necessarily spent in complying therewith" relate to the performance of the guardian's duties as the custodian of the ward's property in collecting, managing, disbursing and accounting for payments which are made by the insurer under § 31. See Locke, Workmen's Compensation §§ 399 and 465 (2d ed. 1981). We hold that the judge was correct in denying and dismissing both the claims advanced by the guardian in this case.

*Judgment affirmed.*