## David Lopes's Case.[1]

No. 08-P-1261.

Suffolk. March 4, 2009. - May 7, 2009.

Present: McHugh, Green, & Fecteau, JJ.

*Workers' Compensation Act,* Right to compensation. *Death. Executor and Administrator,* Appointment.

An administrative judge of the Department of Industrial Accidents erred in refusing a request made by the sister of the deceased employee for an order directing the insurer to furnish legal services in proceedings in the Probate and Family Court seeking the sister's appointment as administratrix of the employee's estate, and in dismissing the claim (for failure to prosecute) because the sister (acting without counsel) had not obtained such an appointment. [229-231]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Israel M. Sanchez, Jr.,* for the employee.

*Kathleen McNeill* for the insurer.

GREEN, J. We are asked to interpret the provisions of G. L. c. 152, § 39, which addresses payment of worker's compensation benefits in case of the death of the injured employee and, in particular, the insurer's obligations to furnish legal services in connection with the appointment of a legal representative for the deceased employee. We conclude that an administrative judge in the Department of Industrial Accidents (department) erred in refusing a request by the employee's sister, Theresa Lopes (Theresa), for an order directing the insurer, Zurich American Insurance, to furnish legal services in proceedings in the Probate

---

[1]The appeal has entered as though on behalf of the deceased employee, whose estate (so far as appears) remains without an appointed administrator or administratrix. Neither party has raised any question concerning the viability or propriety of this appeal without appointment of a representative on behalf of the decedent or his estate.

and Family Court seeking her appointment as administratrix of the employee's estate, and in dismissing the claim (for failure to prosecute) because the sister (without counsel) had not obtained such an appointment.

*Background.* On or about September 7, 2004, the employee sustained a disabling back injury while employed by Resource Management, Inc. Thereafter, the employee filed a claim for benefits pursuant to G. L. c. 152, § 35. After a conference conducted on June 2, 2005, pursuant to G. L. c. 152, § 10A, an administrative judge denied the employee's claim. The employee appealed. The matter was assigned for hearing on March 7, 2006. Before the scheduled hearing, however, the employee died. The matter was accordingly continued in order to allow appointment of Theresa as administratrix of his estate.

On October 2, 2006, Theresa moved "to join a claim under [G. L. c. 152, § 39,] and to order the insurer to pay [her] $3,500.00 so that she may retain probate counsel."[2] The administrative judge denied the motion as "not ripe." Sometime in December, 2006, the employee's counsel informed the judge that Theresa had retained counsel to secure her appointment as administratrix. The matter was rescheduled for hearing on March 6, 2007. Sometime in January, 2007,[3] Theresa renewed her motion for an advance of funds to pay counsel in pursuit of her appointment.

On March 6, 2007, Theresa did not appear and the employee's counsel informed the administrative judge that no one had yet been appointed as administrator or administratrix of the employee's estate. In furtherance of Theresa's request for an order directing the insurer to provide funds to allow her to retain counsel for probate proceedings, the employee's counsel argued that "[Theresa] at this time is indigent and requests again an order under Section 39 that the insurer pay for or set her up as the representative of the estate. I feel the motion to dismiss at

---

[2]The description of the motion (as well as its disposition) is taken from the administrative judge's subsequent decision dismissing the claim for lack of prosecution. The judge's order also refers, without further description, to a motion by the "employee" (then deceased) for an order "under Section 39," which the judge denied on January 9, 2007. Neither motion is in the record before us.

[3]The docket is unclear regarding the date. See note 2, *supra.*

this time should not be granted simply because the estate has not been set up . . . ." However, the judge entered an order dismissing the employee's claim for lack of prosecution. The department's reviewing board summarily affirmed, and this appeal followed.

*Discussion.* A claimant's right to receive worker's compensation benefits is not extinguished by the claimant's death; instead, it becomes an asset of the estate. See *Carlson's Case*, 355 Mass. 131 (1969). See also *Brek's Case*, 335 Mass. 144, 145 (1956); *Therrien's Case*, 2 Mass. App. Ct. 795 (1974). See generally Nason, Koziol, & Wall, Workers' Compensation §§ 16.6, 22.9 (3d ed. 2003) (Nason, Koziol, & Wall).

In pertinent part, G. L. c. 152, § 39, as amended through St. 1987, c. 522, § 6, provides:

> "When the appointment of a legal representative of a deceased employee or dependent . . . is required to comply with this chapter, the insurer shall furnish or pay for legal services rendered in connection with the appointment of such legal representative . . . or in connection with his duties, and shall pay the necessary disbursements for such appointment, the necessary expenses of such legal representative . . . , and reasonable compensation to him for time necessarily spent in complying therewith. Said payments shall be in addition to sums paid for compensation."

In construing the language of a statute, the words of the statute must be given their plain and ordinary meaning in accordance with the approved usage of the language. See *McCarty's Case*, 445 Mass. 361, 364 (2005). As set forth in § 39, *supra*, the insurer's obligation to assist in the appointment of a legal representative is not limited to reimbursement for the cost of services previously paid by a deceased employee's appointed representative. Section 39 expresses the obligation disjunctively: "the insurer shall *furnish or* pay for legal services rendered in connection with the appointment of such legal representative" (emphasis added).[4] "A general principle of statutory interpretation is that

---

[4]Section 39 does not specify how the insurer's obligation to "furnish" such services may be discharged. We assume that the insurer would fulfil its obligation by engaging an attorney on behalf of the putative representative.

'every word in a statute should be given meaning,' . . . and no word is considered superfluous." *Boone* v. *Commerce Ins. Co.,* 451 Mass. 192, 196 (2008), quoting from *Matter of a Civil Investigative Demand Addressed to Yankee Milk, Inc.,* 372 Mass. 353, 358 (1977). See *Whittaker's Case,* 319 Mass. 582, 587 (1946) (discussing the "duty of an insurer, who does not 'furnish' such legal services, to 'pay' for such legal services").[5] Though the record does not include Theresa's written motions, the transcript of the hearing before the administrative judge reveals that Theresa framed her request in the alternative.[6] Passing the question whether the administrative judge properly declined Theresa's request for an advance of $3,500 toward anticipated, but not yet incurred, legal fees incident to her appointment as administratrix of the employee's estate, it was error to refuse her request to require the insurer to furnish her with legal services to that end.[7]

There appears to be no dispute that appointment of a legal

---

[5]The insurer does not contend that its obligation to facilitate the appointment of a legal representative for an employee who dies before resolution of his claim is contingent on a meritorious claim for benefits. The statute contains no suggestion that the obligation is contingent in any such manner.

[6]Since the written motions are not in the record, we do not know whether they requested only payment of an advance toward legal fees, or included a request in the alternative that the insurer furnish the necessary services. If the written motions did not include a request that the insurer furnish the services as an alternative to payment of a retainer, the first such request would have occurred at the March 6, 2007, hearing. However, even if that were the case, it was error for the administrative judge to deny the request and instead order the claim dismissed for want of prosecution, without previous warning that such a drastic sanction was in store. Of course, it would be preferable if, in response to a written request seeking only an advance payment of fees, an administrative judge would suggest reframing the request into one for the services themselves.

[7]Our disposition of the case makes it unnecessary to reach the question whether it would have been error for the administrative judge to order the payment of such fees in advance, and we decline to do so on the present record. We note, however, that there is nothing in the record to substantiate that the amount requested was an appropriate or reasonable amount for the services required to effectuate the appointment of a legal representative for the deceased employee. Moreover, though Theresa grounded her request on her claim that indigency prevented her from seeking such appointment without an advance by the insurer of the requested funds, there is nothing in the record to substantiate her claim of indigency, much less that she could not achieve the desired appointment without the requested funds. We note that she enjoyed the assistance of counsel before the administrative judge, and in this appeal.

representative for the deceased employee was "required to comply with [G. L. c. 152]" in the present case, which involved "a claim for compensation due the employee during his lifetime as an asset of the estate." Nason, Koziol, & Wall § 22.9, at 241. To the extent that cases have suggested that the insurer's obligation under § 39 to furnish or pay for services for the appointment of a representative may not attach in circumstances where the need for a legal representative arises independently of the claim for worker's compensation benefits, see *Mellon's Case*, 231 Mass. 399, 401-402 (1918), and *Liberman's Case*, 17 Mass. App. Ct. 598, 600, *S.C.*, 393 Mass. 1004 (1984), there is nothing to suggest that any such independent need existed in the present case.[8]

The decision of the reviewing board is vacated, and the matter is remanded to the department for further proceedings consistent with this opinion.

*So ordered.*

---

[8]The version of the statute applicable to *Mellon's Case* imposed the obligation to furnish or pay for legal services only where the appointment of a legal representative was "not otherwise necessary." *Mellon's Case*, 231 Mass. at 401.